# Bevans *v.* Henry.

*Bill in Equity to subject Lands to Satisfaction of Judgment.*

1. *Confederate judgments.* — Judgments rendered by the courts of this State during the late war stand on no higher ground than foreign judgments; they may be enforced by action of debt at law, but not by bill in chancery.

2. *When judgment creditor may come into equity.* — A judgment creditor cannot invoke the aid of a Court of Chancery, to subject equitable assets to the satisfaction of his judgment, without first exhausting his legal remedies by a return of "no property found" on an execution.

3. *Same; mistake in deed.* — A judgment creditor cannot maintain a bill in equity, to subject to the satisfaction of his judgment lands to which his debtor has either a legal title or a complete equity, which is subject to levy and sale under execution; and a mistake in the description of the land, contained in the defendant's deed, does not constitute such a cloud on the title as justifies a resort to equity.

APPEAL from the Chancery Court of Cherokee.
Heard before the Hon. B. B. McCRAW.

· W. P. MARTIN, W. L. CAIN & JAMES AIKEN, for appellant.

FOSTER & FORNEY, *contra.*

PETERS, J. — This is a proceeding in a Court of Chancery, to invoke the aid of that court in the collection of certain judgments at law mentioned in the bill. The first of these was rendered in October, 1861, in a Circuit Court of Cherokee County, under the insurrectionary government existing in this State during the late Rebellion. The second was rendered in the same case, between the same parties, on the 1st day of May, 1866, after the failure of the Rebellion, in the Circuit Court of said County of Cherokee. It seems that the purpose of the bill, which was filed in 1867, was to reach certain lands belonging to the defendant Bevans, to which he was supposed to have only an equitable title. There was a decree for complainant below, and the defendant appeals to this court; and

[Bevans *v.* Henry.]

he relies upon the overruling of his demurrer, and the decree of the court below, as errors.

1. The judgment of October, 1861, is that of a court of the insurrectionary government existing in this State during the late Rebellion. Such judgments stand upon no higher grounds than foreign judgments, and constitute mere causes of action. *Martin* v. *Hewitt*, 44 Ala. 418. To enforce the collection of such a judgment, there is a plain and adequate remedy at law; that is, a suit by action of debt founded on such judgment. 1 Chitt. Pl. p. 111, and notes. In such case, there is no jurisdiction in equity. Rev. Code, § 698; *Standifer* v. *McWhorter*, 1 Stew. 532; *Carraway* v. *Wallace*, 3 Ala. 542: Shep. Dig. p. 287, § 5, and cases cited. The judgment of the insurrectionary court cannot furnish the basis for a suit in chancery. It gives no jurisdiction to that court.

2. The judgment of May, 1866, though it stands upon a different footing, cannot invoke the aid of a Court of Chancery for its collection, unless it is alleged in the bill, and proven if not admitted, that the complainant has exhausted his legal remedy; that is, that he had caused an execution to be issued, which has been returned " no property found." *Roper* v. *McCook & Robertson*, 7 Ala. 318, 324. This rule has been long established, and we feel no disposition to depart from it in this case. The demurrer for want of equity should have been sustained in the court below, and it must be sustained here.

3. But going beyond this cause of demurrer to the bill, the eighth section alleges that said Bevans's title to the lands in controversy is a perfect equity, and shows that Bevans had a legal title by deed from Morgan C. Turrentine, from whom he bought it. In either of these events, the land was subject to levy and sale under execution, and there was no necessity for a resort to chancery. Rev. Code, § 2871, cl. 1. The pretence that there was a cloud upon the title, created by the mistake in the description of the lands in the deed to Bevans, is not sufficient to justify a resort to chancery. The mistake did not avoid the deed, nor defeat the legal title in Bevans. Bevans himself, or any one claiming under his title, could force Turrentine to correct the description, if he refused on the proper request to do so. 1 Story's Eq. §§ 162, 165; *Evans* v. *Bowling*, 5 Ala. 550; *O'Neil, Michaux & Thomas* v. *Teague*, 8 Ala. 345.

The decree of the court below cannot be sustained. It is therefore reversed, and the bill is dismissed out of this court, at the costs of the appellee, said John B. Henry, and his security in this court and in the court below.

[Sheppard *v*. Rhea.]

NOTE BY REPORTER. — The appellee's counsel having applied for a rehearing, the following opinion was delivered on a subsequent day of the term : —

PETERS, J. — I have reëxamined the facts in the record on which the opinion is based, and I feel that they have not been misapprehended by the court. If these are admitted, there can be no authority for a rehearing. The rehearing is, therefore, denied with costs.