[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 523 
The only objection to the validity of the assessment of the railroad company by the assessors, to the levying of the tax, the regularity of the sale by the collector, and the purchase by the plaintiff, was that made upon the motion for a nonsuit, which was that the plaintiff had failed to show a title to the cars in question. This was too general to call upon the court to consider and determine any of the defects now insisted upon by the counsel. The counsel is mistaken in supposing that the evidence proved that the plaintiff was a director of the company at the time of the purchase by him, or that the evidence was such as to render that a proper question for the consideration of the jury if that fact was material. The plaintiff, in substance, testified that he thought he was not a director; that he had been two or three years before that time; had then gone to California, and, for the year preceding the purchase, had not acted as a director at all; and believed he had not been elected as such. It was admitted by the plaintiff's counsel that the company, in its report to the State engineer for the year in which the cars were purchased by the plaintiff, stated that the plaintiff was a director. This report was not evidence against the plaintiff. It did not appear that he had had anything to do with it, or knew anything about it. The questions whether, had the plaintiff been a director at the time of his purchase it would have any and what effect upon the title, do not arise and will not be considered. The conclusion of the judge upon the trial, that the *Page 524 
testimony proved that the plaintiff purchased the cars for himself, and thereby acquired title thereto, was correct. There was no conflicting evidence as to these facts. There was a conflict as to the value of the cars, and of their use while detained by the defendants. The counsel for the respondent states, in his points, that the parties finally agreed upon these facts, and refers to the folio that he claims shows it, which, upon examination, I think hardly sustains the counsel; but as the judge, in his direction to the jury to find a verdict for the plaintiff, fixed the specific sums which were to be found as the value of the cars, and of their use while detained by the defendants, and as no specific objection was made to either of the sums so fixed by the defendants' counsel, or any point made in this court founded thereon, I shall assume that such agreement was made.
The only remaining question is whether the cars were the personal property of the company against which the tax was levied, or a part of its real estate. If the former, no question can be made but that the collector had the right to levy on and sell them for the purpose of collecting the tax; being at the time in possession of the company, against which the tax warrant was issued, irrespective of the lien or title of any other person by mortgage or otherwise. (1 R.S., 378, § 2.) If the cars were a part of the real estate, it is equally clear that the collector had no right to levy upon or sell them; and that the plaintiff, by his purchase at such sale, acquired no title thereto, as a collector of taxes has no power to sell real estate. The question is whether the rolling stock of a railroad company is real or personal property. It is obvious that the mode of propelling the cars, whether by steam, horse or any other power, can have no bearing upon the question. The question does not at all depend upon the length of the road, or whether the road of one company connects with that of others of the same gauge, and the companies so connecting, in the transaction of their business, are in the habit of running the cars of each over all the roads so connecting (as is often done), or whether the road has no *Page 525 
connections, and, consequently, in the transaction of its business, its cars do not run beyond its own track. I think no one would claim that a car of the New York Central, which, in the course of business, had been run to Chicago, was part of its real estate while there; and, if not such, I can discover no principle upon which the character of the property should be changed when it reached the Central track upon its return trip to New York. It must be borne in mind that the defendants in this case can claim no equity upon the ground that they acquired title by purchase upon the foreclosure of a mortgage given to secure the bonds of the company, as the collector's warrant overrides all equities of third persons in the property. The question is presented, free from embarrassment, whether cars, while owned and used by the company upon its track, were real estate or personal property. My conclusion is that they were personal property, and, as such, liable to be seized and sold for the collection of a tax against the company. The reasons upon which this conclusion is based will be found in Stevens et al. v. The Buffalo and N.Y. City R.R.Co. (31 Barbour, 590), and in Beardsley et al. v. The OntarioBank et al. (31 id., 619), and the authorities cited and reviewed; and a repetition here is unnecessary. The reasons and authorities for holding that the cars were real estate will be found clearly and ably set forth in The Farmers' Loan and TrustCo. v. Hendrickson (25 Barb., 485).
The judgment appealed from must be affirmed, with costs.
All concur.
Judgment affirmed. *Page 526