## Case No. 2,551.

CENTRAL PAC. R. CO. v. BENITY.

[5 Sawy. 118;[1] 10 Chi. Leg. News, 147; 5 Reporter, 229.]

Circuit Court, D. Nevada. March 18, 1878.

EJECTMENT BY RAILWAY COMPANY FROM RIGHT OF WAY.

The act of congress of July 1, 1862 [12 Stat. 491], granting a right of way to the extent of two hundred feet on each side of its track to the Central Pacific Railroad Company, gives that company a right to the possession of the ground over which the grant extends, exclusive in its character, and the company may recover, in ejectment, the possession of a portion of the same from one who has wrongfully entered thereon.

This is a demurrer [by the defendant, Adolphus Benity] to a complaint in ejectment. The complaint states that by virtue of the act of congress of July 1, 1862 [12 Stat. 491], plaintiff is entitled to the possession of a certain tract of land (describing it) for railroad purposes, "being that portion of plaintiff's right of way, situated," etc. Section 2 of the act referred to provides: "That the right of way through the public lands be, and the same is hereby, granted to said company for the construction of said railroad and telegraph line; * * * said right of way is granted to said railroad to the extent of two hundred feet in width on each side of said railroad where it may pass over the public lands." The point raised by the demurrer is that the plaintiff's interest in the land is a mere easement, for the recovery of which ejectment will not lie.

J. B. Marshall and Harvey Brown, for plaintiff.

Boardman and Varian, for defendant.

Before SAWYER, Circuit Judge, and HILLYER, District Judge.

BY THE COURT (HILLYER, District Judge). We think it clear that the plaintiff, under his grant, has a right of entry upon and possession of the land in question, and that this right of possession is necessarily an exclusive right, as against all certainly, besides the United States, and gives the plaintiff such a legal interest in the land as enables it to maintain an action like the present, to recover the possession from one who has wrongfully entered thereon. The obstacles to this suit, such as they are, are entirely technical. If the plaintiff is entitled to actual possession of the land, for the purpose of effecting the object in view when the right of way was granted, it can recover such possession in some judicial proceeding. The mere form of the action has ceased to be of any importance in this court.

There is now but one form for all the common law actions. In every action the com-

plaint contains a statement of the facts of the case, and is held sufficient, if the facts stated entitle the plaintiff to the relief demanded. We think this complaint does state a good case. It may be admitted that for the obstruction of a mere easement the recovery of the possession of the land itself would not be the proper remedy. But in order that the plaintiff in the case at bar may make such use of the land as the grantor intended it should under the grant of a right of way, it becomes necessary to take and keep an actual possession of the land. It must also be a possession exclusive of all other persons. This is obvious enough as to all the land upon which a track, a depot or other superstructure, is placed, and we think the same is true of the whole two hundred feet on each side of the track. The grant is a right of way to the extent of two hundred feet on each side of the track, and the plaintiff is entitled to possess and use the whole quantity.

This right of possession is a legal right, and will support an action to recover possession when there has been an ouster. It has been held that it would support such an action against the owner of the fee. City of Winona v. Huff, 11 Minn. 119 (Gil. 75); Dummer v. Den, 1 Spencer [20 N. J. Law] 86. On the other hand, it has been held that the owner of the fee could not recover the possession from a city entitled to use land as a public square, because the actual possession could not be delivered to him. Cincinnati v. White's Lessee, 6 Pet. [31 U. S.] 431. This case does away with the idea that the owner of the fee may recover possession of the land dedicated to a public use, subject to the easement.

What has been said in reference to the character of the possession acquired by the plaintiff under its grant, is, if correct, an answer to the further objection of defendant to the complaint that it does not allege a present necessity for the use of the precise portion of the right of way occupied by the defendant. The right of the plaintiff to possess the land in dispute springs, not from an actual necessity for its use at any given point of time, but from the grant of the right of way to the extent of two hundred feet on each side of the track, a grant which, as we view it, carries with it necessarily a right to the possession of all the land within the limits named. Moreover, it might materially interfere with the plaintiff's enjoyment of the right granted, if obliged to permit third persons to occupy all such portions of its right of way as it was not at the moment using. Whenever needed, the delay necessary for ejecting an occupant might cause inconvenience.

Demurrer overruled.