# Buxbaum *v.* McCorley.

*Statutory  Action  of  Ejectment*

| 99 | 537 |
| 124 | 406 |
| 99 | 537 |
| 144 | 531 |

1. *Pleadings in an action of ejectment.*—In an action of ejectment the defendant may withdraw his plea of not guilty and file a demurrer to the complaint.

2. *Same; pleas of not guilty and disclaimer.*—A plea of not guilty and a plea of disclaimer present incompatible defenses, and can not properly be pleaded together as defenses to the same action of ejectment.

3. *Action of ejectment; judgment therein carries costs* —In an action of ejectment, where there is a plea of disclaimer, and it is shown by the evidence that the defendant has never claimed title to, or ownership of the lands sued for, but that he was in actual possession of a small part of the land in controversy, his plea of disclaimer was to this extent not sustained, and the court in rendering judgment for the plaintiff should have allowed him his costs.

APPEAL from the District Court of Lauderdale.
Tried before the Hon. W. P. CHITWOOD.

EMMETT O'NEAL, for appellant.

SIMPSON & JONES, *contra.*

COLEMAN, J.—Plaintiffs, appellants, sued in ejectment to recover a small strip of land, of about three acres. To the complaint the defendants at first entered the plea of "not guilty." By leave of the court, the plea was withdrawn, and defendant demurred to the complaint, for indefiniteness in the description of the land. The court sustained the demurrer, and plaintiff amended the complaint.

There was no error in allowing the defendant to withdraw his plea of "not guilty" and filing a demurrer. The original complaint was defective in the matter to which the demurrer was directed, and the court did not err in sustaining it. To the complaint as amended the defendant filed four pleas.

1st. "That he disclaims as to all lands sued for not embraced within the lands, described as follows." Here follows certain lots and parcels of land described with great particularity. The second plea was as follows : "And as to all lands sued for embraced within the boundaries of the lands in the 1st plea particularly described the defendant

pleads not guilty." The third and fourth pleas were adverse possession of ten and twenty years of the lands described in the first plea.

The bill of exceptions states that "to his amended complaint, defendant filed a plea disclaiming possession of the land sued for." A plea of disclaimer, and a plea of not guilty, present incompatible defenses, and cannot properly be pleaded together as a defense to the recovery of the same land in an action of ejectment. *McQueen v. Lampley,* 74 Ala. 408.

The bill of exceptions states that the plaintiff objected to the filing of the plea of disclaimer, and moved to strike it from the file, basing both motions upon the ground that the plea of not guilty, to the original complaint, "was an admission of possession, as to the lands sued for in the amended complaint." The reason assigned in support of the motion is without merit, and there was no error in over-ruling the motion.

. The case was tried by the court, without the intervention of a jury. It is nowhere stated what was the issue tried, and it is somewhat difficult to determine this question from the judgment rendered. The judgment-entry is, "all matters in controversy in this case being submitted to the court, and the court, after hearing the evidence, and argument of counsel, upon mature consideration of the same, finds for the plaintiff for the land sued for, in their amended complaint, but without cost or damages. It is therefore considered by the court that the plaintiff have and recover of the defendant the said land sued for in said amended complaint, to-wit: . . . and judgement is hereby rendered against the plaintiff for cost," &c.

If we consider this judgment as rendered upon issue joined upon the plea of disclaimer, or upon "not guilty" or both pleas, the finding of the court for the plaintiff, "and that he recover of the defendant the land sued for" entitled the plaintiff to recover his cost.

On the other hand, if the issue was joined upon the plea of disclaimer and the evidence sustained the plea, then the court should have found the issue for the defendant, and not for the plaintiff as stated in the judgment entry. On such finding for the defendant, the plaintiff may have judgment for his land, but without cost. It seems clear from all the evidence that the defendant has never claimed title to and ownership of the lands described in the amended complaint. The dispute seems to have arisen as to the exact boundaries of the parcel of land sued for, and as to

[Capital City Water Co. v. Carey.]

whether they included a certain spring of water, all of which might have been ascertained and adjusted by a careful survey, without recourse to litigation. The proof satisfactorily shows, that defendant was in the actual possession and cultivation of a small fractional part of the three acres sued for at the time suit was brought, but not under a claim of ownership. To this extent his plea of disclaimer was not sustained by the proof, and the plaintiff was entitled to his verdict, for this portion of the land at least and his cost. This should have been the judgment of the court, and a judgment to this effect will be here rendered, giving the plaintiff his cost.

Corrected and affirmed.