# Yancey v. Savannah & Western Railroad Co.

## Statutory Action of Ejectment.

1. *Possession by grantor after execution of deed.*—Where the owner of land has executed and delivered a deed thereto, but has never parted with his actual possession, his possession is not that of owner, but of a tenant of the grantee; and his possession can not become adverse to his grantee without an open and distinct disavowal, and the assertion of a hostile title, brought to the actual knowledge of the said grantee.

2. *Conveyance of right of way; adverse possession of grantor.*—If, after the execution of a conveyance of a right of way to a railroad company, in consideration of the road being built on and along the grantor's land, and upon condition that if the road is not built upon such right of way the deed was to be null and void, the company located, levelled and graded the road along this line, the title passed to the grantee, and it became actually possessed of said right of way; and if, after the lapse of five years from the date of the conveyance, the grantor commenced to cultivate the land formerly conveyed, without the knowledge of the grantee, he did not thereby assert an adverse holding, nor was his cultivation such a re-entry as to originate a right to claim a possession adverse to his grantee.

3. *Condition of deed of conveyance; ejectment can not be maintained after its fulfilment.*—Where the consideration for a conveyance of the right of way to a railroad company was that the road should be built on and along the lands of the grantor, and the deed was conditioned

that it should be void if the road was not built on said right of way, the grantor can not declare the conveyance forfeited and maintain ejectment for the land, after the road was built thereon, although not completed until after the lapse of 13 years from the date of the conveyance; neither the charter nor deed fixing any time within which the road was to be built.

APPEAL from the Circuit Court of Clay.

Tried before the Hon. LeRoy F. Box.

This was a statutory action of ejectment brought by Wm. A. Yancey against the Savannah & Western Railroad Co., and sought to recover certain property specifically described in the complaint. There was a plea of the general issue. The cause was tried before the court, without the intervention of a jury, on the following agreed statement of facts :

"On the 1st day of December, 1872, W. A. Yancey, the plaintiff in this case, executed to the Savannah & Memphis Railroad Company, an Alabama corporation, its successors and assigns, a deed to a certain tract of land in Clay county, Alabama. The deed was attested by two witnesses, and its execution is duly admitted. The lands sued for in this case are the lands described and embraced in the said deed. Shortly after the execution of the deed hereinbefore mentioned the Savannah & Memphis Railroad Company surveyed its line of road to Birmingham, Ala., and located its right of way, and levelled and graded the road-bed through the lands sued for, and embraced in the deed hereinbefore named. The terminus of said railroad at said time was at Goodwater, Ala., to which point it was then operated. The railroad was built and completed, in the spring of 1887, through the lands sued for, and completed in 1888 to Birmingham, Ala., to which point it is now operated. The charter of the Savannah & Memphis Railroad Company authorized it to construct its road to Birmingham, Ala. The Savannah & Western Railroad Company, the defendant in this case, is an Alabama corporation, and the successor of the Savannah & Memphis Railroad Company, the original grantee in the deed hereinbefore mentioned. That while said charter of said railroad company now owning said line of railway authorized its construction to Birmingham, Ala., yet the termini fixed by the charter of the company contracted with by plaintiff was

from Opelika, Ala., on the south, to some point on the Tennessee river, near Tuscumbia, on the north or west. Said road was finally completed, and is now operated from Opelika, Ala., to Birmingham, Ala., but is not yet completed beyond the latter point. Its charter fixes no time in which it shall be completed. After the execution of the deed from the plaintiff above set out, with the exception of the survey of the route through the lands sued for and the grading of the line of way for said road, nothing was done or attempted to be done by the grantee in the way of completing the road through said lands for the period of thirteen years, though during all that time it was working on other parts of said road and operating it from Opelika to Goodwater. That after the lapse of to-wit, the term of five years from the execution of said deed, plaintiff having never actually parted with the possession of said lands, except as herein mentioned and shown, plaintiff commenced and continued, without the knowledge or consent of the defendant, the cultivation of a part of said lands, and without interruption did so until the lapse of thirteen years from the time of the execution of said deed, at which time defendant entered thereon without further permission of the plaintiff, and without his consent, and completed said road as now located. It is agreed that the rental value of said lands is four dollar per acre." The deed conveys the land sued for. The only provisions of this deed with which the decision has to deal, are copied in the opinion.

Upon the consideration of the cause on the facts as stated in the agreed statement of facts, the court rendered judgment for the defendant. Hence this appeal.

GORDON MACDONALD, for appellant.—After waiting five years for some substantial compliance by his grantor with the conditions of his deed, the plaintiff proceeded to cultivate and exercise acts of ownership over the lands conveyed, which amounted to a re-entry by him. The grantor in possession is not required to make formal entry for condition broken, in order to invest the estate in himself.—*Thompson v. Thompson*, 9 Ind. 323; *Taylor v. Cedar Rapids &c., R. R. Co.*, 25 Ia. 371; *Lincoln Bank v. Drummond*, 5 Mass. 321; *Hubbard v. Hubbard*, 97 Mass. 188; *Hamilton v. Elliott*, 5 Serg. & Rawle, 375; *Adams v. Ore Knob Copper Co.*, 4 Hughes (U. S. C. C.) 589.

The completion of the road after the lapse of such an unreasonable time was not sufficient to invest the defendant with title.—*Stuyvesant v. Mayor*, 11 Paige 425; *Hamilton v. Elliott*, 5 Serg. & Rawle, 375; *Lincoln v. Drummond*, 5 Mass. 34; 2 Wash. Real Prop., (4th Ed.) 11; *Dickey v. McCullough*, 2 Watts, 88; *Hayden v. Sloughton*, 5 Pick. 528; *Allen v. Howe*, 105 Mass. 241; *Adams v. Ore Knob Copper Co.*, 4 Hughes (U. S. C. C. ) 589.

GEORGE P. HARRISON, *contra*.—The mere continued possession by the vendor of the lands is not adverse to his vendee; but he is considered as the tenant of the grantee.—1 Amer. & Eng. Encyc. of Law, 247, n. 4; *Burhans v. Van Zandt*, 7 Barb. (N. Y.) 91; *Collins v. Johnson*, 57 Ala. 304. There was no time fixed in the deed or in the charter of the company, within which the road was to be built. The road being actually completed before action was brought, the plaintiff could not recover.—*Buckner v. Railway Co.*, (Ark.) 13 S. W. Rep. 332; 3 Amer. & Eng. Encyc. of Law, 931; *Piedmont L. & I. Co. v. Piedmont F. & M. Co.*, 96 Ala. 389, 11 So. Rep. 332.

STONE, C. J.—This case was submitted on an agreed statement of facts, to be set out in the report of the case. The suit was commenced on January 18, 1890. The deed from plaintiff to defendant, under which defendant claims title, was executed December 10, 1872. By this deed the grantor granted to the Savannah & Memphis Railroad Company, of which the defendant is the successor, the right of way, one hundred feet wide, over certain described lands upon the recited consideration "running their contemplated railroad on and along his lands, as well as in consideration of the sum of one dollar to him in hand paid." Immediately following the habendum clause of this deed is the following language: "Upon condition and it is expressly understood that should the said railroad, contemplated as aforesaid, be not located and established on and along said stretch, tract or parcel of land, described in the above and foregoing indenture, then said indenture is to be wholly null and void, and of no effect."

"Shortly after the execution of the deed hereinbefore mentioned the Savannah & Memphis Railroad Company

surveyed its line of road to Birmingham, Ala., and located its right of way and levelled and graded the roadbed through the lands sued for and embraced in the deed." The easement, with right to possess and occupy, thereby passed to the grantee; and it was thus in actual possession of the tract of land conveyed. It must be regarded as holding adversely to all the world, including its vendor. The re-entry recited in the agreed statement of facts, by which the plaintiff sought to establish the inception of his adverse holding, is not sufficient to originate a right by adverse possession. "By the execution and delivery of a deed of land the entire legal interest in the premises becomes vested in the grantee, and if the grantor continues in possession afterwards, his possession is not that of owner, but of a tenant of the grantee. He will be regarded as holding the premises in subserviency to his grantee, and nothing short of an explicit disclaimer of such a relation and a notorious assertion of right in himself, will be sufficient to change the character of his possession, and render it adverse to the grantee."—*Burhans v. Van Zandt*, 7 Barb. (N. Y.) 91; *Butler v. Phelps*, 17 Wend. (N. Y.) 642.

But if it were otherwise, and his re-entry was sufficient to orginate an adverse holding, his possession was not of sufficient duration to revest the legal title in him. It was but little more than eight years. Ten years, under our jurisprudence, are necessary to mature a right by adverse possession.

Again. The plaintiff is in no position to maintain the present action. The only condition on which the conveyance was to become null and void had been met and fullfilled nearly three years before he brought his suit. The railroad had been located and established on and along said stretch, tract or parcel of land when he instituted his suit. The main consideration for the conveyance was the building and maintaining of a railroad through his property. This had been done, and plaintiff had had the advantage and benefit of this consideration for quite a long time when he complained.

We discover no error in the finding of the circuit court, and the judgment is affirmed.