(80 South. 839)

ALABAMA GREAT SOUTHERN R. CO. v. McWHORTER. (7 Div. 950.)

(Supreme Court of Alabama. Feb. 6, 1919.)

1. RAILROADS &⇒69—RIGHT OF WAY—DEED —EASEMENT.

A deed of strip of land to be used as railway right of way *held* to pass only an easement.

2. ADVERSE POSSESSION &⇒60(6) — EASEMENTS.

Where a grant of land to a railroad passed only an easement to a certain strip to be used as a right of way, possession by grantor or his successors of a portion of right of way, not being actually used by railroad, could not be adverse to railroad.

3. RAILROADS &⇒73(2) — RIGHT OF WAY — EASEMENT—RIGHT TO EXCLUDE GRANTOR.

Where a grant of a strip of land passed only an easement for use of land as railway right of way, grantee could use entire strip if necessary or proper for purposes of grant, but it could not exclude grantor of its use unless for such purposes.

Appeal from Circuit Court, De Kalb County; W. W. Harralson, Judge.

Ejectment by H. P. McWhorter against the Alabama Great Southern Railroad Company. Judgment for the plaintiff, and defendant appeals. Reversed and remanded.

The action is for a small strip of land on either side of the defendant's right of way, and it is agreed between the parties that Vann Hall is the common source of title. It is also agreed that the Wills Valley Railroad Company was the predecessor of the present defendant, and that the present defendant acquired all the property rights, etc., of the Wills Valley Railroad Company. The grant referred to in the opinion is as follows:

"This indenture made on the 6th day of October in the year 1868 between Vann Hall, a citizen of the county of De Kalb and state of Alabama, and his wife, Polly, parties of the first part, and Wills Valley Railroad Company, a corporation chartered by the state of Alabama, party of the second part, witnesseth:

"That whereas the said party of the second part has located a road through the lands of the parties of the first part, and being desirous of obtaining the right of way through said lands before commencing and completing the work of construction of said railroad:

"Now, for the encouragement of the party of the second part in the building and completion of said railroad and in consideration thereof, we, the parties of the first part, do hereby give, grant, and convey unto the said party of the second part the right of way through said lands aforesaid for the purposes aforesaid, that is to say, we hereby give, grant, and convey to the party of the second part a strip of land measuring fifty (50) feet each way from the line of said railroad as now located, and that we will warrant and defend the aforesaid lands in the quiet and peaceable possession of the said party of the second part, their heirs and assigns forever.

"In witness whereof the said parties of the first part have hereunto set their hands and seals the day and year first above written.

"Sealed and delivered in the presence of Benj. F. Payne.          Vann Hall. [Seal.]
                              "Polly Hall. [Seal.]"

Goodhue & Brindley, of Gadsden, for appellant.

Hunt & Wolfes, of Ft. Payne, and Luke P. Hunt, of Birmingham, for appellee.

MAYFIELD, J. This is an action of ejectment as to a strip of land on each side of the railroad track of appellant in De Kalb county. Appellant contends that it is a part of its right of way which it acquired by grant; while appellee contends that he and those through whom he claims have acquired title thereto by adverse possession against appellant.

It is not disputed that appellant did acquire title by virtue of grants; but it is insisted that it has lost its title by adverse possession of appellee and those through whom he claims title.

There is no claim of appellant to this railroad track, or the main road bed on which the main track is located, and to a certain strip of the right of way on either side of this road bed. But it is claimed that appellee has acquired title to strips of land off the extreme sides of the right of way, ranging from 15 to 20 feet on either side, the two combined being from 30 to 40 feet in width, leaving to appellant a right of way from 60 to 70 feet in the center of its right of way, which was originally 100 feet in width. That portion claimed by appellee is that part on

the margin of the right of way which has been actually occupied and cultivated by appellee, and those through whom he claims continuously for more than 10 years prior to the bringing of the suit. There is no dispute as to the possession of appellee as to length of time continuously, etc.; the dispute being as to whether it was adverse to or permissive of the owner.

This question to decide is made to depend in some degree at least upon the construction to be placed on the original grant from the common source of title to appellant's predecessor in title.

It is contended by appellant that this deed or grant passed only an easement to the land described, and not an absolute fee, as is contended by appellee.

The deed or grant will be set out by the reporter, so this opinion and decision may be the better understood.

[1-3] The deed, we hold, passed only an easement for the purposes set forth therein, that is, a railway right of way, and not an absolute fee to lands described therein. This being true, we hold that plaintiff's possession was not adverse to appellant. It was permissive and not adverse. The intention of the holder could not make it adverse until this possession became inconsistent with the grant. The grantor and those claiming under him after the grant had the right, even against the grantee, to use the land granted, if such use did not interfere with the use for which the grant was made. Such possession and use as did not interfere with the use by grantee was in accordance with, and not against, the grant of the right of way. The grantee could not prevent such use or possession of the right of way as did not at all interfere with the use thereof for a railroad right of way. It is true the grantee could use the whole of the right of way, if necessary or proper, for the purposes of the grant; but it could not have excluded the grantor of its use, unless for the purposes of the grant. Hence the possession of the grantor, or those claiming through him, was not adverse to the grantee, and those claiming through it, until that use or possession interfered with the use for a right of way, or was inconsistent with the grant.

These questions were fully considered by this court, and by all the members of this court except its then Chief Justice, Dowdell, and were decided as above indicated. See Alexander City Co. v. Cent. of Ga. Ry. Co., 182 Ala. 516, 62 South. 745. Many cases are cited, quoted from, and reviewed in that case, and it would be useless to again quote from and review them. There seems to be no conflict in them to the effect that the undisputed facts in this case do not show an adverse holding.

Some of the cases go to the extent of holding that a railroad right of way is a public highway in such sense that there can be no adverse holding as against the public use of it for a railroad right of way.

We expressly declined to go to that extent in the other case, and we again decline. It will be seen also from an examination of some of the cases cited and reviewed in the former case (182 Ala. 523, 62 South. 745) that the same rule as to adverse possession applies whether the railroad owns the fee or a mere easement. Smith v. Pittsburgh, C. C. & St. L. Ry. Co., 26 Ohio Cir. Ct. R. 44. But we do not desire to go to that extent, because not necessary in this case, and it would be dicta if stated.

If the possession of appellee had been adverse to appellant, which it would have been but for the nature of the grant, then the plaintiff would, under the agreed statement of facts and the evidence of plaintiff, which was undisputed, have been entitled to recover, and there would be no error in the trial court giving the affirmative charge for plaintiff, as was done; but the nature of the grant to defendant, or its predecessor in title, makes the case entirely different, no matter what was the intention of plaintiff in so holding possession. He had a right under his deeds, and under that of defendant, to so hold that possession, and defendant had no right, much less a duty, to oust the plaintiff; consequently the statute of limitations nor the rule of prescription never began to run.

The defendant could not have prevented such use and occupation by the plaintiff, unless it was inconsistent with its grant, or the only use to which it had a right to devote the land.

After the double track is constructed, if any of the right of way remains unoccupied or unused, and unnecessary for defendant's use as a railroad right of way, the only use to which it can devote the land, the plaintiff will have the right to continue to use that part not so used as he has heretofore used it or in any other manner that does not interfere with defendant's use for a right of way of that part so being used. While the grant does pass to the grantee the sole, exclusive, and perpetual right to use the land described as a railroad right of way, it is not exclusive of the grantor's right to occupy or use any part of it, if that use is not inconsistent with the grant, and does not interfere at all with the use to which the grantee may lawfully use the lands.

The following decisions of this court are conclusive as to all questions presented by this appeal: Alexander City U. Co. v. Cent. of Ga. Ry. Co., 182 Ala. 516, 62 South. 745; Lucy v. Tenn. Co., 92 Ala. 246, 8 South. 806; Odum v. R. & J. R. R. Co., 94 Ala. 488, 10 South. 222; Wilks v. G. P. R. R. Co., 79 Ala. 186; N., C. & St. L. Ry. Co. v. Karthaus, 150 Ala. 638, 43 South. 791.

The authorities of other states may be found cited in the opinion in the case of Alexander City Co. v. Cent. of Ga. Rwy. Co.,

182 Ala. 522, 523, 62 South. 745, and in notes 2 L. R. A. (N. S.) 272; 10 Ann. Cas. 992; 87 Am. St. Rep. 766.

If the plaintiff and defendant had not claimed title through a common source, so that each was bound by the acts and deeds of the common source, then, of course, plaintiff's possession would have been adverse because inconsistent with, and not in recognition of, defendant's rights. For this reason and others, the rules of law announced must be confined to cases in which the facts are undisputed and like the facts in this case.

It results that the judgment must be reversed, and the cause remanded. If the facts on another trial be the same as in this trial, the general affirmative charge should be given for defendant.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.