(92 South. 117)

**SEABOARD AIR LINE RY. v. BANKS et al.**
**(5 Div. 777.)**

(Supreme Court of Alabama. May 12, 1921. Rehearing Denied Feb. 2, 1922.)

**1. Railroads ☞69—Easement acquired in right of way.**

A deed conveying a railway right of way conveys an easement in the land.

**2. Adverse possession ☞60(6)—Possession of part of railway right of way not used for railway purposes is not adverse.**

Possession of part of a railway right of way not actually used for railway purposes, by grantor, his heirs, or assigns, for pasture and farming purposes alone, does not interfere with, and is not inconsistent with, the use thereof by the railroad, and hence does not constitute adverse possession as against its easement rights therein.

**3. Ejectment ☞9(5)—Lies to recover railway roadbed and right of way.**

Ejectment lies to recover the roadbed and right of way of a railroad.

**4. Ejectment ☞81 — Pleading ☞127(1) — Plea of not guilty admits defendant's possession, but denies plaintiff's title and right of possession.**

A plea of not guilty admits defendant's possession, but denies plaintiff's title and right of possession (Code 1907, § 3642).

**5. Railroads ☞69—Possession of right of way exclusive.**

A railroad is entitled to exclusive possession of its right of way in its entirety, and to occupy and use it at any time against all persons, even the owner of the fee, without showing any actual necessity for its possession for railway purposes, so long as the easement exists and the railroad is operated over it for the purposes of the grant.

**6. Adverse possession ☞60(6) — Inclosure, cultivation, and grazing of portion of railway right of way insufficient notice of hostile claim.**

The use of part of a railway right of way for farming and grazing purposes only by grantor and his heirs, without other notice to grantee railroad or its successor of any claim of exclusive possession in hostility to grantee's rights than the erection and maintenance of fences inclosing the land so occupied and the cultivation and grazing thereof, was insufficient to put grantee or its successor on notice of such hostile claim.

Sayre and Gardner, JJ., dissenting.

Appeal from Circuit Court, Russell County; J. S. Williams, Judge.

Ejectment by the Seaboard Air Line Railway against Mrs. Mary Lou Banks and another. Judgment for defendants, and plaintiff appeals. Reversed and remanded.

Steiner, Cran & Wiel, of Montgomery, and Frank De Graffenried, of Seale, for appellant.

The court erred in directing a verdict for the defendants. 202 Ala. 455, 80 South. 839; 182 Ala. 516, 62 South. 745; 190 Ala. 516, 67 South. 432; 128 Ala. 202, 30 South. 526, 55 L. R. A. 211; 102 Ala. 224, 14 South. 379; 200 Ala. 304, 76 So. 70; 201 Ala. 449, 78 South. 827; 24 Wash. 366, 64 South. 516; 126 Ill. 233, 18 N. E. 301, 1 L. R. A. 213, 9 Am. St. Rep. 581; 17 Wend. (N. Y.) 564; 8 Cush. Mass. 243; 37 Ala. 29; 70 Ala. 589.

A. A. Evans, of Montgomery, and Andrews & Peach, of Sheffield, for appellees.

The holding could not be adverse to the railroad. 202 Ala. 455, 80 South. 839; 182 Ala. 516, 62 South. 745.

MILLER, J. This is a statutory ejectment suit by the Seaboard Air Line Railway, appellants, against Mrs. Mary Lou Banks and Mrs. Nona Andrews. It was tried on an agreed statement of facts. The court below gave the general affirmative charge asked in writing by the defendants, and refused a similar charge requested in writing by plaintiff. These are the main errors assigned and insisted on in argument by plaintiff (appellant here).

W. H. Banks on August 26, 1890, owned the S. W. ¼ of section 35, township 15, range 26, in Russell county, and on that day he and his wife executed and conveyed to the Savannah, Americus & Montgomery Railway the right of way for its railroad in, through, and over said land; "the right of way hereby granted to be fifty feet on each side of the center line of the railway as the same shall be located or constructed in and over said lands." Immediately after the execu-

tion and delivery of said deed the Savannah, Americus & Montgomery Railway built its railroad through said lands and began operating its trains over it. The Seaboard Air Line, the plaintiff, succeeded to all the right, title, and interest which the Savannah, Americus & Montgomery Railway had in and to said lands, and has ever since held said railroad and operated and run its trains over the land.

The railroad was built in 1890 or 1891. Soon thereafter, W. H. Banks constructed a fence on each side of said railroad track, 25 feet from the center line of the railway, which inclosed with other lands of Banks on each side a strip of said right of way 25 feet wide parallel with the railroad. Banks used the lands so fenced on one side for pasture and the other side for farming purposes from 1890 or 1891 until his death in 1917 or 1918; and the defendants, who are his sole heirs, have continued to use said lands in the same way since his death. These two strips of land, so fenced and used, are the subject of this suit.

Plaintiff, or its predecessor, had no knowledge of any claim of ownership by Banks or those claiming under him, the defendants, of adverse possession of these strips of land, except that they were fenced and cultivated or used for pasture purposes until 1917 or 1918, when it was informed that—

The said Banks claimed said strips of land as his own, and "claiming that the right of way of said railroad extended only 25 feet each way from the center of the main track of said railway, instead of 50 feet; claiming that he had agreed to convey a right of way 50 feet wide, and that he was under the impression and so understood when he executed the deed to the Savannah, Americus & Montgomery Railway, presented to him for execution by the officials of said railway, that it conveyed a right of way only 50 feet wide; that after building said fence he claimed the lands inclosed thereby as his own and not subject to any right of way, and so held and claimed them until the time of his death, but without any notice to plaintiff or its predecessors of the claim and use of the claim and use of said right of way on the part of said W. H. Banks and defendants other than the erection and maintenance of said fences and the cultivation and grazing of said lands."

(The above statement as to the impression and understanding of Banks when he executed the deed is admitted merely for the purpose of showing the nature and character of Banks and defendants' possession, and is limited to that purpose. It is not claimed nor admitted that there was any fraud practiced or attempted on the part of the officers or agents of the Savannah, Americus & Montgomery Railway in securing the execution of the deed to the said right of way by Banks, nor is it claimed or admitted that Banks did not voluntarily and legally execute said deed.)"

[1, 2] The validity of the deed is not questioned. It conveys a railway right of way, 100 feet wide, 50 feet on each side of the center of the track, through the said land of W. H. Banks. It does not convey a fee simple or absolute title to the land. It simply conveys an easement in it. In Ala. Gr. Sou. R. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839, this court held substantially as follows:

"Where a grant of land to a railroad passed only an easement to a certain strip to be used as a right of way; possession by grantor or his successors of a portion of right of way, not being actually used by railroad, could not be adverse to railroad."

W. H. Banks, the grantor in the deed, and the defendants, his widow and daughter, his sole heirs, have been in actual possession of 25 feet on each side of the right of way since Banks conveyed it to plaintiff's predecessor, using it for pasture and farming purposes. It was not being actually used by the plaintiff for railway purposes. This possession by defendants for such purposes alone —the plaintiff having no actual necessity for it for railway use—would not constitute adverse possession to the plaintiff, the railroad. This possession did not interfere with, nor was it inconsistent with the use of the right of way by the railroad. Such possession by the vendor of plaintiff or his heirs or his assigns would not constitute adverse possession against the easement rights of the railroad. Ala. Gr. Sou. R. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839.

[3] The plaintiff may maintain ejectment suit for the recovery of possession of the right of way. Ejectment will lie for the recovery of the roadbed and right of way of a railroad. Tenn. & Coosa R. Co. v. E. Ala. R. Co., 75 Ala. 516, 51 Am. Rep. 475; Profile Cotton Mill Co. v. Calhoun Water Co., 204 Ala. 243, 85 South. 284.

[4] The plaintiff brings this ejectment suit for the recovery of possession of these strips of its right of way. The defendant pleads not guilty. A plea of not guilty admits possession of the land, but denies plaintiff's title and denies plaintiff's right of possession. Section 3842, Code 1907; McQuenn v. Lampley, 74 Ala. 408; Buxbaum v. McCorley, 99 Ala. 537, 13 South. 5.

[5] Under the Banks deed plaintiff owns an easement in the land. This deed shows plaintiff's title to the easement in the land. Is it entitled to possession of this easement from the grantor or his heirs or his assigns, owners of the fee, without showing any necessity therefor for railway purposes? This question was answered by this court through Justice Stone in 75 Ala. 516, 51 Am. Rep. 475; Tenn. & Coosa R. R. Co. v. E. Ala. Ry. Co., when he wrote:

"Lands claimed and condemned as roadbed and right of way of a railroad stand in a different category from that of ordinary ease-

ments. Over them is acquired, not the right of use to be enjoyed in common with the public, or with other persons. The right and use are exclusive, and no one else has any right of way thereon. M. & O. R. R. Co. v. Williams, 53 Ala. 595; M. & M. Ry. Co. v. Blakely, 59 Ala. 471; Tanner's Ex'r v. L. & N. R. R. Co., 60 Ala. 621; S. & N. R. R. Co. v. Pilgreen, 62 Ala. 305; Cook v. Central R. R. & Banking Co., 67 Ala. 533; R. & G. R. R. Co. v. Davis [19 N. C.] 2 Dev. & Bat. (Law) 451; Jackson v. R. & B. R. R. Co., 25 Vt. 150; T. & B. R. R. Co. v. Potter, 42 Vt. 265.

"So, the title of a railroad corporation to the possession of the soil covered by the roadbed and right of way will, after condemnation, dominate all adverse claim of possession, even by the owner of the fee.   *   *   *

"In the following cases will be found a curious discussion, tending strongly to show that the roadbed and superstructure—in fact, everything attached to the soil, on which a railroad is built—are considered realty: Randall v. Elwell, 52 N. Y. 521; s. c., 11 Am. Rep. 747; Hoyle v. P. & M. R. R. Co., 54 N. Y. 314; s.c., 13 Am. Rep. 595. And there is certainly much reason for the opinion. The roadbed and right of way are as immovable as the soil itself, the superstructure is attached to the soil, and the corporation has the exclusive right to the possession of it. In Central Pac. R. R. Co. v. Benity, 5 Sawy. 118, the precise question we are considering was presented, and the court, Circuit Justice Sawyer participating, decided the action of ejectment would lie. So we hold it will lie in this case."

Chief Justice Stone again in Yancey v. Savannah & West. R. R. Co., 101 Ala. 234, 13 South. 311, wrote:

"The easement, with right to possess and occupy, thereby passed to the grantee; and it was thus in actual possession of the tract of land conveyed."

In Sadler v. Ala. Gr. Sou. R. Co., 204 Ala. 155, 85 South. 380, Judge Somerville, speaking for the court, said:

"A railroad right of way is more than a mere easement, and includes the actual possession, or right to the actual possession, of the entire surface, for every proper use and purpose in the construction and operation of the road."

This deed in this case conveys an easement in said land. The rights of the owner of the easement for the purpose of the grant are paramount to the rights of the grantor or his heirs or his assigns, who own the fee.

"A railroad company is held to the highest degree of care, and the exercise of this care necessarily requires that it should have complete dominion over its right of way.   *   *   *

"The railroad must have exclusive possession and control of the land within the lines of its location, and the right to remove everything placed or growing thereon which it may deem necessary to remove to insure the safe management of its road."

22 R. C. L. p. 862, § 113, headnotes 1 and 19.

The railway company, the owner of the easement, is entitled to possession of its right of way, exclusive of the possession of its grantor or his heirs or assigns, the owners of the fee. The grantor, his heirs or assigns, the owner of the fee, has no right to possession of the right of way over the railway company, the owner of the easement. The possession of the former owners, the grantors, of the easement—the right of way—must be subservient to the possession of the grantee, the railway company. The Banks deed conveys this right of way. The plaintiff paid for it and owns it. As long as the easement exists, the plaintiff is entitled to the exclusive possession of this right of way in its entirety, and the right to occupy it and use it at any time against all persons, even the owner of the fee, the defendants, without showing any actual necessity exists for its possession for railroad purposes. It is entitled to the full control of the actual possession of and the full dominion over this entire right of way at all times against all persons, even the owner of the fee, as long as the easement exists and the railroad is operated over it for the purposes of the grant. 22 R. C. L. p. 863, § 113, headnotes 3 and 4, and authorities there cited; Yancey v. Savannah & West R. R. Co., 101 Ala. 234, 13 South. 311; Tenn. & Coosa R. R. Co. v. E. Ala. Ry. Co., 75 Ala. 516, 51 Am. Rep. 475.

There are expressions in Ala. Gr. Sou. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839, which are contrary to these views; and it is modified and overruled in so far as it conflicts herewith.

[6] The agreed statement of facts states:

"That after building said fence he [W. H. Banks] claimed the lands inclosed thereby as his own and not subject to any right of way and so held and claimed them until his death; but without any notice to plaintiff or its predecessor of the claim and use of the claim and use of said right of way on the part of said W. H. Banks and defendants, other than the erection and maintenance of said fences and the cultivation and grazing of said land."

This clearly shows that W. H. Banks and defendants intended to claim, and were claiming, the land in hostility to the rights of the plaintiff under the deed, and claimed exclusive possession. The agreed statement of facts shows that plaintiff had no knowledge of the hostile claims of said land by W. H. Banks against its easement rights until 1917 or 1918, the year Banks died. W. H. Banks and defendants used the land by fencing it for farming and grazing purposes only. This was not sufficient under the facts of this case to put the plaintiff or its predecessor on notice that the land was being held by them in hostility to its rights and easements. Yancey v. Seaboard Airline R. Co., 101 Ala. 234, 13 South. 311; Tenn. & Coosa R. R. Co. v. E. Ala. R. Co., 75 Ala. 516, 51 Am. Rep.

475; Alex. City, etc., Co. v. Cent. of Ga. R. Co., 182 Ala. 516, 62 South. 745.

The agreed facts show that defendants were in actual possession of the land, claiming it in hostility to the rights of plaintiff. Notice of this adverse holding was first made known to plaintiff in 1917 or 1918. This suit was filed February 19, 1919, within 10 years after notice of the adverse holding. This right of way is not recognized, but is denied by the defendants. They are holding the land under hostile claim to plaintiff's right of way. Plaintiff's easement rights in the land are not barred by time. They still exist. The plaintiff is entitled to possession of the entire right of way described in and conveyed by the Banks' deed.

The court erred in giving for defendants the general affirmative charge. The plaintiff was entitled to the general affirmative charge for the easement described in the Banks' deed.

Reversed and remanded.

ANDERSON, C. J., and McCLELLAN, SOMERVILLE, and THOMAS, JJ., concur.

SAYRE and GARDNER, JJ. (dissenting). Nobody pretends that defendants' (appellees') possession of a part of plaintiff's right of way for cultivation and grazing interfered in the least with the use plaintiff was then making or intended within any near future to make thereof, nor is it suggested that the railroad company needs possession in order to insure the safe management of its road.

"The use by adjoining landowners of otherwise unused parts of the right of way of a railroad company for grazing and cultivation is not adverse to the enjoyment of the easement." Alexander City Co. v. Central of Georgia, 182 Ala. 516, 62 South. 745.

The authorities generally so hold. 10 R. C. L. p. 117, § 103, where numerous cases are cited. Possession, to be adverse, must operate to disseise or oust the owner of his possession or right of possession. Pickett v. Pope, 74 Ala. 122; Lecroix v. Malone, 157 Ala. 434, 47 South. 725. Defendants' possession could not therefore be considered as adverse (19 C. J. 887), and any mere declaration by them of their intention otherwise, not interfering with plaintiff's use of its right of way, was contrary to the grant of their ancestor, and availed nothing in the way of establishing an adverse title. This was the precise ruling of this court in Alabama Great Southern v. McWhorter, 202 Ala. 455, 80 South. 839, where was cited Alexander City v. Central of Georgia, supra.

Of course we do not deny that in an action between strangers ejectment will lie to recover a railroad right of way. To that effect, and to that effect only, are the cases cited in the prevailing opinion. But here the question is between the owner of the easement and the owners of the ultimate fee. Defendants, not in fact interfering with plaintiff's easement, are merely exercising the rights appurtenant to their ownership of the ultimate fee. The fact that defendants, or their predecessor in title, erroneously claimed that the deed under which plaintiff claimed its easement conveyed a right of way 50 feet wide, instead of 100, and in that way claimed title, should not be allowed to deprive them of the benefits of their ultimate ownership. To hold, as the prevailing opinion seems to hold, that mere declarations, made in the circumstances here shown, converted the possession of defendants into an adverse possession, is to introduce a new principle into the law of ejectment and to hold that their possession, if not disturbed, will in the course of time ripen into title to the whole fee and destroy plaintiff's easement. We have seen no authority sustaining that view, and certainly the results are not to be contemplated with any great degree of satisfaction.