# Bell, *et al. v.* Leggett, *et al.*

## *Ejectment.*

(Decided February 6, 1912. 57 South. 836.)

*Mortgages; Validity; Description.*—Though the first call of the description of land mortgaged be uncertain and ambiguous, yet where the other calls are definite under which the land can be located, the latter will govern, and the mortgage will not be invalid for ambiguity.

APPEAL from Calhoun Circuit Court.

Heard before Hon. HUGH D. MERRILL.

Ejectment by Julia A. Bell and others against A. D. Leggett and others. Judgment for defendants and plaintiffs appeal. Affirmed.

O. M. ALEXANDER, for appellant. There was a patent ambiguity in the description of the land in controversy in the foreclosure proceedings in the deed from the clerk to Hewitt, and from Hewitt to Greer, in such a sense as to render the foreclosure void and to make the last holder possessed as trustee of an unforeclosed mortgage, for the mortgagor and his heirs, and such possession cannot be adverse to the mortgagor and his heirs.—*Stevenson v. Harris,* 31 South. 445; *Duvall v. McClusky,* 1 Ala. 728; *Bradford v. Steed,* 56 South. 532; *Brannen v. Henry,* 39 South. 93; *Webb v. Elyton L. Co.,* 105 Ala. 471; *Barron v. Barron,* 122 Ala. 194; *Chambers v. Ringstaff,* 69 Ala. 140; *Keith v. McLaughlin,* 21 South. 483; *Lovelace v. Hutchinson,* 17 South. 625; *Roulhac v. Jones,* 78 Ala. 398.

WILLETT & WILLETT, for appellee. The bill of exceptions does not purport to set out all the evidence, and the court will presume there was evidence justifying the giving of the affirmative charge.—*Sherrill v. L. & N. R. R. Co.,* 148 Ala. 1. The ambiguity, if any existed, was latent and could be aided by parol evidence to make it certain.—*Hereford v. Hereford,* 131 Ala. 573; *Donahue v. Johnson,* 120 Ala. 438; s. c. 113 Ala. 126; *Guilmartin v. Wood,* 76 Ala. 204; *Chambers v. Ringstaff,* 69 Ala. 140; *Foster v. Carlisle,* 159 Ala. 621. Monuments, natural or artificial, control courses and distances in the description of land.—*Crampton v. Prince,* 83 Ala. 250. This case presents an imperfect descrip-

tion which may be rendered certain by parol evidence.—
*Dorgan v. Weeks,* 86 Ala. 329; *Black v. Pratt C. & C.
Co.,* 85 Ala. 504; *Gaston v. Weir,* 84 Ala. 193; *Myer v.
Mitchell,* 75 Ala. 475.   When a statute begins to run
an intervening disability does not suspend it.—Sec. 4860,
Code 1907; *Barker v. Barclift,* 76 Ala. 414; *Barclay v.
Smith,* 66 Ala. 230.

SAYRE, J.—Action of statutory ejectment by appel-
lants against appellees.   Plaintiffs claimed as heirs at
law of one Bell.   Defendants claimed under a mort-
gage deed of trust from Bell to one Hughes, foreclosure
by bill in equity with due process, and mesne convey-
ance from the purchaser.   In the mortgage the land in
controversy was described as follows:   Beginning 80
rods west of the south of the southeast corner of section
7, township 16, range 9, in about one rod north of Ox-
ford road in section 18, running north within 173 rods
of north line of section 7; thence west within 49 rods
of west line of said section; thence south to one rod of
mill ditch; thence east one rod from said ditch to where
fence crosses same; thence with the meanderings of said
fence to the corner east; thence east to the beginning
corner near the road—making 180 acres more or less.
A copy of the mortgage deed of trust was made
an exhibit to the bill for foreclosure, but in the
body of the bill the land was described as "beginning
eighty rods west of south of the southwest corner of
section seven, township sixteen, range nine, in about
one rod north of Oxford road in section eighteen, run-
ning north," and so on.   In the subsequent proceedings
in the equity court, including the decree of foreclosure,
deed to the purchaser, writ of possession, and in the
purchaser's deed to the defendants, the descriptions fol-
lowed that in the body of the bill. The description of·the

land sued for in the complaint followed that in the mortgage deed of trust.   The argument for appellants is that "there was a patent ambiguity in the descriptions of the lands in controversy, that said descriptions are uncertain and vague, and that the foreclosure was void."   This argument is elaborated, of course, and thought to be sustained by the citation of authorities; but to no effect. The description found in the court proceedings and in later deeds is not only ambiguous; it is impossible.   There is in section 18 no point 80 rods or any other distance west, or south, or southwest, of the southwest corner of section 7.   There may be also innumerable points about one rod north of the Oxford road in section 18 and in other sections.   And, since there is no authority for singling out any one term in the description of the starting point and locating the error there rather than elsewhere, it must be conceded that the location of the starting point, within itself considered, is defective, obscure, and insensible.   But that is not necessarily fatal to the description.   The other calls of these several muniments make it clear what the mistake is, and put the description, properly considered as a whole, into harmony with that of the mortgage deed of trust and the complaint.   On the authority of *Walsh v. Hill,* 38 Cal. 481, a case closely similar in fact and principle to the case at hand, it is stated in 2 Delvin on Real Estate (3d Ed.) that: "When a conflict arises between the starting point and other calls, the starting point, if it is fixed, certain, and notorious, will generally prevail.   But if the other calls may as readily be ascertained, and are as little liable to mistake, they are entitled to as much consideration as the first.   If they all agree, they control."—Section 1033. This is a reasonable rule of construction, and comports with the other rule which requires that instruments be

liberally. construed for the purpose of giving them some effect. In this case the starting point is not certain; it is ambiguous. However, other calls of the several descriptions in question fix the north line of the property as an east and west line 173 rods south of the north line of section 7. .The west boundary is fixed as a north and south line 49 rods east of the west line of the same section. This line runs to a point one rod distant from a mill ditch. Thence, following in part a fence located by the competent testimony of the surveyor, and in other part courses the points of departure of which are fixed by reference to the ditch and the fence, the boundaries are brought to a point 80 rods south of west of the southeast corner of section 7, from which point a north and south line, as called for in the first line of the description, extended to a point 173 rods south of the north line of section 7 incloses an area of approximately 180 acres. Thus the land, notwithstanding the ambiguity of the language used in describing the initial point of departure, is made certain by all other calls conspiring to the same end, and is identified as the land disposed of in the mortgage deed of trust as well as that described in the foreclosure proceeding and subsequent deeds. That proceeding and those deeds were not, therefore, lacking in validity on account of any ambiguity in the descriptions of the property involved and conveyed.

This disposes of the case. The action of the circuit court in giving the general affirmative charge for the defendants was correct, and the judgment will be affirmed.

Affirmed. All the Justices concur except DOWDELL, C. J., not sitting.