# Garrow, et al. v. Toxey.

## Ejectment.

(Decided November 7, 1914.  66 South. 443.)

1. *Deeds; Quit Claim; Effect.*—Although a quit claim deed does not ordinarily carry an after acquired title, yet a quit claim deed reciting that the grantor had remised, released and forever quit claimed unto the grantee in actual possession all rights and interests in possession and expectancy, so that neither the grantor nor his heirs shall or can challenge the title of the grantee, carries with it an after acquired title.

2. *Evidence; Documentary; Parol to Explain.*—Where the ambiguity in a written instrument is patent, parol evidence cannot be admitted to supply the deficiency; the rule is otherwise when the ambiguity is latent.

3. *Same; Boundaries; Parol Evidence.*—Where land was described as beginning at the southwest corner and running thence south, etc., parol evidence is admissible to show that the starting point should have been the northwest instead of the southwest corner, since the ambiguity is not patent, and the description is sufficient to identify the land; the section being named, and the location with reference to lands of another being given.

4. *Appeal and Error; Review; Law of. Case.*—Where the evidence on the second trial was the same as on the first, the determination of the Supreme Court on an appeal from the first trial must be followed on the second, the same being the law of the case.

5. *Same; Harmless Error.*—Where the legal evidence abundantly establishes plaintiff's case, errors in the admission of evidence were harmless.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Caleb Toxey against H. W. Garrow and another.  Judgment for plaintiff and defendants appeal. Affirmed.

See also 171 Ala. 644, 54 South. 556.

J. BLOCKER THORNTON, and BESTOR & YOUNG, for appellant.  The mortgage from Wrag to Chandler did not cover the land in controversy, and the court erred in admitting it.—*Garrow v. Toxey,* 54 South. 556.  The court erred in admitting parol and extrinsic evidence to vary

and explain the description in the mortgage, as the ambiguity is patent.—*Chambers v. Ringstaff,* 69 Ala. 140; *Dane v. Glennon,* 72 Ala. 162; *Vance v. Lunsford,* 91 Ala. 576; *Donahue v. Johnson,* 128 Ala. 445. The Fulton map was expressly referred to in the Wrag-Chandler mortgage, was an ancient document, and was erroneously excluded.—*Bernstein v. Humes,* 75 Ala. 244; 5 Ballard on Real Property, § 309, et seq. The court erred in declining to give requested charges 2 and 3.—*Hoffman v. White,* 90 Ala. 354; *Howard v. State,* 108 Ala. 571; *Anniston C. L. Co. v. Edmonson,* 127 Ala. 460; *Henry v. Brown,* 143 Ala. 446.

GREGORY L. & H. T. SMITH, for appellee. The law of the case is thoroughly settled in the former appeal of *Garrow v. Toxey,* 171 Ala. 644. Under the peculiar wording, the title acquired by the quit claim deed was sufficient to carry an after acquired title in the grantor.—*Carter v. Doe,* 21 Ala. 90; 65 N. E. 896; 7 Greenl. 97. The title acquired from the government related back to the completion of the equity and vested in the cestui que trust.—§ 3408, Code 1907; *Price v. Dennis,* 159 Ala. 625. A man cannot complain of an error that does not *Borland, et al.,* 128 Ala. 418; *Scheuer v. Kelly,* 121 Ala. 647. A court will take judicial notice of the situation of lands according to governmental survey.—*Ledbetter v. Borland, et al.,* 128 Ala. 418; *Scheuer v. Kelly,* 121 Ala. 323; *Chambers v. Ringstaff,* 69 Ala. 140. A false description does not affect the deed if, after rejecting so much of it as is false, the land can still be identified.— 13 Cyc. 626; 5th Ballard on Real Property, sec. 197; 2d Ballard on Real Property, sec. 165; 3rd Ballard on Real Property, sec. 219; *Heller v. Cohen,* 41 N. Y. Sup. 214; *Brookman v. Kurzman,* 94 N. Y. 272; *State Savings Bank v. Stewart,* 25 S. E. 543; *Clem, et al. v. Maloney.* 4

Iowa 315; *Stout, et al. v. Bishop,* 35 N. J. Law 512; *Eggleston v. Bradford,* 10 Ohio 312; *Pegram v. Newman, et al.,* 54 Miss. 612; *Glenn v. Maloney,* 34 Iowa 314.

DE GRAFFENRIED, J.—The history of the title to the lands involved in this suit is of much interest. This history will be found in the opinion which was rendered by this court on the first appeal in this case.—See *Garrow v. Toxey,* 171 Ala. 644, 54 South. 556. The opinion on the first appeal gives the facts of this case and we will not restate them. On the first appeal this court held that the patent issued by the United States government to Audley H. Gazzam—under which appellee claims the land—is superior to the patent which was issued to Miguel Eslava. The appellants claim under the later patent, and also by adverse possession.

1. On the first appeal the record recited that a quitclaim deed was made by Gazzam to one George Wragg—through whom appellee claims—about three years prior to the date borne by the patent to Gazzam. On that subject this court, in the former opinion, said: "The deed itself is not set out. We are unable, therefore, without involving ourselves in a contradiction of the record, to consider what may have been the effect of any special covenants, which counsel in their brief say the so-called quitclaim contained. We think we must take the conveyance as a mere release or quitclaim. Nor does it appear that Gazzam was in possession at the time; and defendant took these points. Where one person makes a quitclaim to another, and afterwards obtains a patent for the same lands, the title of the patent does not inure to the grantee in the quitclaim, as it would in the case of a conveyance with warranty of title.—*Tillitson v. Kennedy,* 5 Ala. 407 [39 Am. Dec. 330]. On the case as it is made to appear to us as of the time when the quit-

claim was received in evidence, there was error in over-ruling the objections taken to it."

In the present record the quitclaim from Guzzam to Wragg, referred to in the above-quoted language, is set out in full, and it contains the following stipulation: "Have remised, released and forever quitclaim, and by these presents do remise, release and forever quitclaim unto the said George Wragg in his full and actual possession now being and to his heirs and assigns forever, all the estates, right, title, interest, use, trust, property claim and demand whatsoever, at law as well as in expectancy of, in, to or out of all and singular those certain lots, etc."

This conveyance, by its terms, operated upon the present title and any future acquired title of Gazzam, and, when he obtained a patent to the lands from the United States government, the legal title which he thereby acquired vested in Wragg. This is made perfectly clear by the following other provision in said quitclaim deed; "So that neither the said Audley H. Gazzam, his heirs or assigns, nor any other person in trust for them or in their name or names or the name, right or stead of any of them, shall or will, can or may, by any ways or means whatsoever hereafter have, claim, challenge or demand any right, title, interest or estate of, in, to or out of the said premises above described and hereby released. But that he, the said Audley H. Gazzam, his heirs and assigns, each and every one of them from all estate, right, title, interest, property claim and demand whatsoever of, in, to or out of the said premises or any part thereof, is and shall be by these presents forever excluded and debarred."—*Tillotson v. Kennedy, supra; Garrow v. Toxey, supra.*

2. One of the links in the appellee's chain of title is a mortgage in which the lands are described as follows:

"Also those certain lots or parcels of land situated in said county and being part of said Fulton tract of land. Said lots number one, two and three, containing ten acres each, commencing 25 chains and 25 links due east from the southwest corner of section No. 4 in township No. 5 south, and range 1 west, and running thence due south along the east side of the land belonging to F. C. Heard, 20 chains, thence due east 15 chains, thence due north 20 chains, to the north boundary line of said section No. 4, thence due west along the north boundary line of said section No. 4, 15 chains to the place of beginning, containing 30 acres."

The above, taken literally, is an impossible description. If the southwest corner of section No. 4 is taken as the starting point, then it is impossible for any of the land above described to be in section 4. If the northwest corner is the starting point—if the word "south" was, by a clerical error, written for "north"—then we have a perfectly harmonious description. There is one thing from which, by parol evidence, the true description can be made certain, and that is, the F. C. Heard land. The evidence shows without dispute that F. C. Heard owned land in section 4 which was the correct boundary of the land sued for if the word "northwest" is substituted for the word "southwest." In fact, this description shows that the lots which were intended to be conveyed and which were in fact conveyed by the above description were lots 1, 2, and 3, containing 30 acres in section 4, bounded on the west by the F. C. Heard lands, and it seems clear that it was competent for the plaintiff to remove all doubts about this description by parol testimony. There were but three lots in section 4, known as lots "1, 2, and 3, containing 30 acres," bounded on the west by the F. C. Heard lands, and on the north by the north line of section 4; and we think that, while the

description shows that it is involved, it also shows that, by its own intrinsic evidence, properly aided by parol testimony, the description as it stands can be made certain. A description will not be declared void simply because of some defect or error in it, provided the description carries in it sufficient intrinsic certain evidence which, when aided by parol testimony, will resolve all reasonable doubt about the description. The appellants, it is true, offered a map which contained certain lots which are numbered 1, 2, and 3; but these lots are bounded on the west by Dog river, not by the Heard lands, and we cannot see how that map could have been of any value to the jury. The law seems to be that: "Where the ambiguity is such that a perusal of the instrument shows plainly that something more must be added before the reader can determine what of several things is meant, the rule is inflexible that parol evidence cannot be admitted to supply the deficiency."—1 Ency. Ev. p. 830, note 8, and authorities there cited.

The above description shows plainly that only one piece of land could have been in the minds of the parties when the description was adopted, and that the piece of land was known as lots 1, 2, and 3, containing 30 acres in section 4, bounded on the west by the lands of F. C. Heard, and on the north by the north line of section 4. The dimensions of these lots are given, and, as it is patent that the word "southwest" is erroneously used in the description, we are clearly of the opinion that it was competent for the plaintiff, by parol testimony, to show exactly where lots 1, 2, and 3, containing 30 acres, bounded on the west by lands of F. C. Heard, and on the north by the north line of section 4, the three lots being 20 chains in length from north to south and 15 chains in width from east to west, were located.

"When the language is of such a character as to show that the parties had a fixed and definite meaning which

they intended to express, and used language adequate to convey that idea to persons possessed of all the facts which they had in view at the time they used the language, it then becomes the duty of the court to learn those facts, if need be, by parol proof."—1 Ency. Ev. p. 831, note 10, and authorities there cited; *Bell v. Leggett,* 175 Ala. 443, 57 South. 836; *Heller v. Cohen,* 9 App. Div. 465, 41 N. Y. Supp. 214.

We are of the opinion that, aided by the parol testimony in this case, it is clear that the above description which we have copied from the mortgage is the same description as that which appears in the other muniments of plaintiff's title, viz.: "All and singular those certain lots or parcels of land situated, lying and being in Mobile county, and being part of the Fulton tract of land. Said lots numbered one, two, three, containing ten acres each. Commencing 25 chains and 70 links due east from the northwest corner of section No. 4, in township No. 5, in range 1 west, and running thence due south along the eastern boundary of the land belonging to Franklin C. Heard 20 chains; thence due east 15 chains; thence due north 20 chains to the northern boundary line of said section No. 4; thence due west along the northern boundary line of said section No. 4, 15 chains to the place of beginning."—*Bell v. Leggett, supra;* 1 Ency. Ev., supra; *Heller v. Cohen, supra.*

On the first appeal this court had before it the bald description contained in this mortgage, unaided by parol testimony. It therefore held, upon the recitals of that record, that the mortgage was not admissible. This record presents an entirely new question to us.—*Garrow v. Toxey, supra.*

3. In this case the defendants were in such a position that, to defeat the plaintiff's right of recovery, it was necessary for them to show that they or those through

[Garrow, et al. v. Toxey.]

whom they claimed the land had, at some period, been in the adverse possession of the lands, claiming them as their own, for a period of ten years.

It is needless for us to here define adverse possession, or to say when a party has offered sufficient evidence of possssion with accompanying acts of ownership, for ten consecutive years, so as to place that question within the province of a jury as an issue of fact for their determination. On the question of adverse possession the evidence in this record is substantially the same as it was in the record which was before us on the first appeal; and, speaking on that subject, this court, in the opinion on the former appeal, said: "Upon a careful reading of the record offered to that end, we are constrained to hold that there was no evidence, covering any uninterrupted period of ten years, which required that qustion to be submitted to the jury."

A careful examination of the evidence in this record leads us to the conclusion that the above-quoted declaration made by the court upon the former appeal should not be disturbed. That declaration was the law of this case upon the former appeal and is the law, as applied to the facts shown by the present record, on the particular point on the present appeal.

4. There are some exceptions to certain testimony which the trial judge admitted. Regardless of his rulings in this particular, upon all the legal evidence the plaintiff was entitled to recover. The plaintiff, upon legal testimony, made out his case, and, if there were errors committed by the trial judge in admitting some parts of the testimony, these errors were harmless as to the defendants.

The judgment of the court below is affirmed.

Affirmed.

McClellan, Somerville, and Gardner, JJ., concur.