# Nance *v.* Walker.

### Ejectment.

(Decided January 18, 1917.   Rehearing denied February 15, 1917.
74 South. 339.)

1. **Adverse Possession; Government Land; Acquisition of Title; Paper Title.**—Where title to land was in the government while plaintiff had possession under color of title, and never passed out of it until the issuance of defendant's patent, plaintiff had no paper title, and did not acquire title by adverse possession.

2. **Ejectment; Basis of Recovery; Color of Title.**—One claiming prior possession under color of title can recover in epectment against a trespasser, but when defendant, not a trespasser, holds under color of title, and shows title out of the government in a party with whom plaintiff does not connect himself, plaintiff cannot recover merely on strength of previous possession under color of title.

3. **Deeds; Construction; Subsequently Acquired Title.**—Deed conveying "all my right, title, interest, estate, claims, and demand, both at law and in equity, as well as in possession or in expectancy of, in, and to all that certain farm," etc., included and conveyed a subsequently acquired title to the land.

4. **Justices of the Peace; Title to Land; Transfer to Circuit Court; Petition by Defendant.**—In order for defendant to remove an action of forcible entry and unlawful detainer into the circuit court under Code 1907, § 4283, under a petition to try title, defendant must aver and prove a peaceable entry on the land under claim of title thereto, and the fact that defendant's father had a life estate in the land and was primarily entitled to the possession, did not preclude him from showing that plaintiff had no title, and did not deprive him from being a bona fide claimant, so as to prevent him from resorting to section 4283, and thus putting plaintiff on proof of his title.

APPEAL from Mobile Circuit Court.

Heard before Hon. SAMUEL B. BROWNE.

Ejectment by Roswell S. Nance against Robert G. Walker. Judgment for defendant, and plaintiff appeals. Affirmed.

The action was originally for forcible entry and detainer, and was removed to the circuit court by defendant, under the statute as one claiming to have entered upon the land peaceably and under claim of title thereto. The evidence shows a chain of title in plaintiff from Shreve to Randle, mortgage from Randle to Mastin, foreclosure and purchase by Margaret R. Randle, deed from Mastin to Randle, and a deed from Margaret Randle to Nance; also possession by these parties, and that on August 12, 1912, defendant was found on the lands by agents of Nance, and

ordered off and from further cutting of the timber, and defendant's refusal to get off same; saying: "Well, how are you going to stop me? You have got to have something more severe than that"—or words to that effect. The evidence of defendant tended to show that he was the son of Ella Vincent Walker and Cyrus P. Walker; that Ella Vincent Walker was the daughter of Glovina Kennedy, who was the daughter of Joseph P. Kennedy; patent of United States to Henry Weathers, dated March 15, 1913; deed from Henry Weathers to Joseph Kennedy, February 15, 1819; will of Joseph Kennedy April 9, 1824, devising in general terms all property to his wife for life, with remainder to his children Glovina, Oscar, and Louise. The proof further showed that Cyrus C. Walker, the father of defendant, and husband of Ella Vincent Walker, the daughter of Glovina Kennedy, was living at the time of defendant's entry. After getting possession of the land in 1912, Walker attempted and perfected a patent to the lands from the government through the equity of Henry Weathers who had originally made the entry.

BESTOR & YOUNG for appellant. ERVIN & McALEER for appellee.

ANDERSON, C. J.—This was originally an action for forcible entry and unlawful detainer, and was transferred to the circuit court under a petition to try title as provided by the statute (section 4283 of the Code of 1907) by one claiming to have entered upon the land peaceably and under claim of title thereto.

(1) The appellant proved a prior possession under color of title to the land sued for, but as the title to the same was in the government during that time and never passed out of it until the issuance of the patent in 1913, he had no paper title, and did not acquire title by adverse possession.—*Nelson v. Weakley*, 177 Ala. 131, 59 South. 157; *Swift v. Williams*, 162 Ala. 147, 50 South. 123.

(2) It is true that one claiming a prior possession under color of title can recover in ejectment against a trespasser, yet when the defendant is not a trespasser, but holds under color of title and also shows title out of the government in a party with whom the plaintiff did not connect himself, the plaintiff, in order to recover, is required to establish his title, and cannot recover merely upon the strength of his previous possession under color

of title.—*Warten v. Weatherford,* 191 Ala. 31, 67 South. 667; *McCreary v. Jackson Lumber Co.,* 148 Ala. 247, 41 South. 822. The plaintiff not only failed to connect himself with the patentee, and which was fatal to his title, but the defendant went further than was necessary, and connected himself therewith.

(3) It is true that the deed from Henry Weathers to the defendant's grandfather was made long before the issuance of the patent to Weathers and his heirs, but we think that the said deed is so worded as to include and convey a subsequently acquired title to the land in question. It conveys:

"All my right, title, interest, estate claims and demand both at law and in equity as well as in possession or in expectancy of, in and to all that certain farm," etc.—*Garrow v. Toxey,* 188 Ala. 572, 66 South. 443.

It is insisted by the appellant that the defendant, Walker, is in no position to invoke the statute to try title: First, for the reason that at the time of his entry upon the land he did not do so under claim of title, as the title was in the government; and, second, that even if he has title, he is not entitled to the immediate right of possession, for the reason that his father is still living and has a life estate in the land which the said defendant inherited from his mother.

(4) It is true that in order for the defendant to remove the cause into the circuit court, under section 4283 of the Code of 1907, he must aver and prove a peaceable entry upon the land under a claim of title thereto, but we think that these facts were established without dispute. The defendant had an inchoate claim or equity in the land, which ripened into the legal title upon the subsequent issuance of the patent. The fact that defendant's father had a life estate in the land and was primarily entitled to the possession might be a barrier to a recovery by this defendant if he was the plaintiff in an action of ejectment, but would not preclude him from showing in this action that the present plaintiff had no title, and did not deprive him from being a bona fide claimant of title so as to prevent him from resorting to section 4283, and thus putting the plaintiff upon proof of his title. The case of *Mallon v. Moog,* 121 Ala. 303, 25 South. 583, is not in conflict with this holding. We think that the real effect of that holding is that one who enters as a bare trespasser cannot invoke the statute, even if he subsequently acquires a right or title to the land, but do not think that it was meant to hold that one who

[Nance v. Walker.]

entered under a claim of title, whether a complete legal one. at the time or not, was not entitled to invoke the statute, simply because the claim of title under which he entered was not complete or perfected until after the entry.

The judgment of the circuit court is affirmed.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.

### NO REHEARING.

ANDERSON, C. J.—It is suggested upon rehearing that the court did not take sufficient notice of the insistence of counsel for appellant, that the appellee was not authorized to try the title to the land under the statute for the reason that he entered by force, or if he entered peaceably, he forcibly withheld the land. We repeat that the record does not disclose such a forcible entry or forcible withholding of the land as to preclude appellee from the benefit of the statute for removal of the cause to the circuit court for the purpose of trying title.

It is next urged that the holding that the deed from Henry Weathers conveyed an expectancy was in direct conflict with the case of *Derrick v. Brown*, 66 Ala. 165. This point was so decided upon the authority of *Garrow v. Toxey*, 188 Ala. 572, 66 South. 443. We do not understand that the opinion in the case at bar, or the one in the *Garrow Case, supra*, held that the deeds considered were warranty deeds, as distinguished from a quitclaim, but, notwithstanding they may not have amounted to a warranty because qualified by the word "quitclaim," still they expressly conveyed an estate in the land in expectancy. The holding in the *Derrick Case, supra*, merely is that the deed was a quitclaim, notwithstanding the use of the word in "expectancy" as well as in possession, but the court did not there hold that the deed did not or would not operate to convey the expectancy of the grantor, and said case is easily reconciled with the present holding. Indeed, the opinion in the *Derrick Case, supra*, in speaking of the conveyances, says:

"They conveyed no title other than that they owned, legal or equitable, in possession or in expectancy.'

Rehearing denied.

McCLELLAN, SAYRE, and GARDNER, JJ., concur.