(93 South. 648)

**SMITH et al. v. COLLIER et al.** (5 Div. 816.)

(Supreme Court of Alabama. April 27, 1922. Rehearing Denied June 1, 1922.)

**1. Trespass ⬿19(1)—Legal title to land or trees cut essential.**

To maintain a suit under Code 1907, §§ 6035 and 6036, to recover damages for cutting and removing trees, plaintiff must show a legal title to the land or to the trees.

**2. Adverse possession ⬿60(2)—Parties who had right of possession and gave owners no notice of claim to land acquired no title.**

Where in 1857 plaintiffs were granted the right to possess described lands for church purposes, grantor reserving title, and they built a church thereon and continued in possession, using the timber to heat and to make minor repairs on the church, but gave owners no notice of any claim to the land or standing timber, plaintiffs acquired no title by adverse possession.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by J. H. Collier and others, as trustees, against John A. Smith and others. Judgment for plaintiffs, and defendants appeal. Transferred from Court of Appeals under section 6, Acts 1911, p. 449. Reversed and remanded.

Steiner, Crum & Weil, of Montgomery, for appellants.

The defendants were entitled to the affirmative charge. 128 Ala. 202, 30 South. 526, 55 L. R. A. 211. The plaintiffs had only an easement in the property for church purposes, and there was a constructive severance of the timber from the land. 190 Ala. 135, 67 South. 288; 202 Ala. 455, 80 South. 839; 3 Gray (Mass.) 319.

Holley & Milner, of Wetumpka, for appellees.

If there is any evidence reasonably affording an inference adverse to the party asking the affirmative charge, such charge should be refused. 205 Ala. 35, 88 South. 135; 197 Ala. 418, 73 South. 5; 202 Ala. 322, 80 South. 404.

MILLER, J. J. H. Collier and others as trustees of the Carolina Methodist Episcopal Church, south, sue John A. Smith, Sr., and others to recover damages for cutting and removing 25 trees and 15 saplings from land claimed to be owned by them, on which land is situated what is known as the Carolina Methodist Church and cemetery. There was judgment for the plaintiffs, and defendants appeal.

There is evidence that in 1857 this land was owned by Alex Smith, father of John A. Smith, one of the defendants. The Presbyterians had a church building on this property. It was used also by the Carolina Methodists. The building burned. On April 9, 1857, Alex Smith executed the following instrument:

"State of Alabama, Coosa County.

"This is to certify that I, Alex Smith, do give the Methodist Episcopal Church the privilege to build a church on my land at the Old Carolina Church property, occupied by the Presbyterians, to have and to hold said church so long as they, said church, continued to use it as a church for said order, reserving the right to the Presbyterians to preach in said church. When they quit using said church as a Methodist Episcopal Church, the said church reverts back to said Alex Smith.

"April 9, 1857. [Signed] Alex Smith.

"Witness: P. Murphy."

It was duly filed and recorded in Book of Deeds lettered I on April 1, 1857, in the probate office.

A church building for this denomination was erected on this land, and it has been occupied and used by them to worship in continuously since 1857.

This instrument conveys no interest in or title to the land; it gives only a right of possession for the particular purposes mentioned therein, "to build a church" thereon, and "to have and to hold said church as long as they, said church continue to use it as a church for said order." This instrument authorizes and permits this denomination to erect a church building on this land, and to have and to hold possession of the land for said church purposes as long as it is used by this denomination; and when the Methodist Episcopal denomination "quit" using it (the building) for such purposes, then the church building reverts back to Alex Smith or his heirs. The right to possession of the land for church purposes is in the plaintiff; but the title to the land is in Alex Smith or his heirs or assigns under that instrument. Alex Smith is dead. The record gives the name of only one of his heirs.

On September 13, 1897, John A. Smith, for the heirs at law of Alex Smith, deceased, signed an instrument in writing as follows:

"Alexander Smith, Heirs of, to Carolina Methodist Church.

"State of Alabama, Coosa County.

"Know all men by these presents: That I, John A. Smith, for the heirs at law of Alex-

ander Smith, deceased, and for the further purpose of giving the trustees of the Methodist Church, south, at Carolina lying and being situated in the N. E. corner of the N. E ¼ of section 17, township 20, range 19 in Elmore county, and state aforesaid, containing five acres more or less. The lines to run so as to cover church and graveyard privileges. In trust that said improvements on said premises shall be used and kept maintained and disposed of as a place of divine worship for the use of the ministry and membership of the Methodist Episcopal Church, south, subject to the deciplin [discipline] usages and ministerial appointments of said church as from time to time authorized and declared by the general conference of said church and the annual conference within whose band the said premises are situated. [Signed] John A. Smith, for Heirs at Law of Alexander Smith, Deceased.

"Signed in the presence of H. I. Du Pree, J. W. H. Collier, this Sept. 13, 1897."

It appears that at this time the representatives of the church could not find or did not know of the said instrument given the church in 1857 by Alex Smith, deceased. This instrument dated September 13, 1897, conveys no interest in the land or trees to the plaintiff. It was offered and allowed in evidence as color of title only. It is uncertain and indefinite as to its real meaning.

In Garrow v. Toxey, 188 Ala. 577, 66 South. 443, 445, this court quoted approvingly:

"When the language is of such a character as to show that the parties had a fixed and definite meaning which they intended to express, and used language adequate to convey that idea to persons possessed of all the facts which they had in view at the time they used the language, then it becomes the duty of the court to learn those facts, if need be, by parol proof."

See, also, Bell v. Leggett, 175 Ala. 443, 57 South. 836; 1 Ency. Ev. p. 831, note 10.

The evidence in this case shows that when the representatives of the church came to John A. Smith to sign an instrument in regard to the property, that he told them:

"I told them I would give them permissive occupancy, nothing in the world but that. A part of the paper which they brought was already prepared. I told them that I could not give any conveyance at all, no more than they already had, permissive occupancy, or permissive use of the church and graveyard—church and graveyard privileges, nothing more nor less. In the same connection, I told them they already had a showing somewhere, and that I didn't see it was necessary for me to give them one, that I couldn't make it any more than the authority to them."

On April 5, 1913, John A. Smith sold and conveyed to the state of Alabama for the benefit of school district 48 one-quarter of an acre of the land mentioned in the instrument dated September 13, 1897, and a school building was erected thereon.

[1] This church building was used for church purposes from 1857 by this denomination until this suit was filed; it was used prior to 1897 just as it was used since then. Wood from the land was used to burn, when needed, in the church; and one or two trees were cut in 1919 or 1920, manufactured into lumber, and used to repair the steps of the church and to make benches in the church. There was no evidence tending to show that the owners of the land ever knew of any claim of plaintiffs to the title to the land or to the pine trees growing on the land until 1920, when the pine trees were being cut by the defendants. The possession shown by plaintiffs of the land was permissive, consistent with the purposes of the easement and necessary to a full use of the easement granted to plaintiffs in the land. A. G. S. R. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839; S. A. L. Ry. Co. v. Banks (Ala. Sup.) 92 South. 117;[1] Potts v. Coleman, 67 Ala. 227. To maintain this suit plaintiffs must show a legal title to the land or legal title to the trees cut and carried away. This is one of the essential requisites. Sections 6035, 6036, of the Code of 1907, and authorities cited.

By the written instrument offered in evidence, the plaintiffs have an easement in the land, the right to use the church building and yard for church purposes and the cemetery for burial purposes. These instruments give the plaintiffs no title to the land, and no title to the trees cut and removed from the land by the defendants.

[2] Did plaintiffs gain title to the land or the trees by adverse possession? We have examined carefully the evidence as to adverse possession. This possession of the church land and cemetery for purposes granted was not inconsistent with and not contrary to the rights of the owner of the title. It is permissive under the instrument dated April 9, 1857. We find no acts in evidence of the members of the church, in its possession and use of the land, calculated to put the owners on notice that the church's possession was hostile to them, until the defendants cut the trees in question. This was in 1920. As said in Croft v. Doe ex dem. Thornton, 125 Ala. 391, 28 South. 84:

"The mere possession of land is not prima facie adverse to the title of the true owner. To have that effect, it must be shown that the true owner knew that the adverse holder claimed in his own right, or the possession must be so open and notorious as to raise the presumption of notice."

We find no evidence and no tendency of the evidence showing a continuous hostile possession of this land by plaintiffs to the owner of the title, for a period of 10 years under color of title, which would require

---

[1] Ante, p. 194.

the question of adverse possession to be submitted to the jury. Garrow v. Toxey. 188 Ala. 579, 66 South. 443; Collins v. Johnson, 57 Ala. 304; Croft v. Doe ex dem. Thornton, 125 Ala. 391, 28 South. 84.

As the plaintiffs were entitled to possession of this land for the purposes of the grant, we are constrained to hold the undisputed evidence shows they have no title by adverse possession to the trees cut and removed from the land; and the court erred when it refused to give the general affirmative charge for the defendants.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.