(97 South. 101)

### SMITH et al. v. COLLIER et al.
(5 Div. 847.)

(Supreme Court of Alabama. June 7, 1923.)

1. **Appeal and error ⊚⇒429—Codefendants not appealing, by signing appeal bond, thereby united in appeal.**

Where appeal was by one of three defendants only, the other two codefendants, by joining in an appeal bond as principals, voluntarily appeared and rendered it unnecessary for summons to issue by the clerk of the court below or by the Supreme Court, notifying them of appeal and to appear and unite if they saw proper, and by such signing they waived notice of appeal and united in appeal. Code 1907, § 2884, amended Gen. Acts 1911, p. 589.

2. **Appeal and error ⊚⇒800—On acceptance of service of notice of appeal, motion to dismiss appeal properly refused.**

Where one of the three defendants appealed, and thereafter the clerk of the court below issued notice to the two other defendants and their attorney of record accepted such, a motion to dismiss such appeal because no notice was given the two codefendants was properly refused.

3. **Trespass ⊚⇒19(8)—Title essential to action for cutting trees.**

To maintain an action under Code 1907, §§ 6035, 6036, for trespass by cutting trees, plain-

tiffs must own the lands on which the trees were growing, or they must own the trees, or own both the land and the trees.

**4. Witnesses ⬅️37(1) — Evidence of church trustee tending to show church had deed to property improperly excluded.**

In suit by trustees of a church, claiming damages for defendant's cutting trees on their land, evidence of a trustee of a church that the property came into the church's possession from defendant's father from an old deed, although witness did not know of the deed of his own personal knowledge, was admissible as tending to show that the church and its officials had notice of the deed and who made it.

**5. Religious societies ⬅️18—Instrument held not to convey legal title to church but right of possession only for church purposes.**

Where a deed gave a church the privilege to build on land and to have and hold the church so long as it continued to use it as a church, and when such use was discontinued the land was to revert to grantor, legal title to the land was not conveyed, but the right to possess it for 'church purposes only.

**6. Adverse possession ⬅️60(2)—Possession of property for church purposes not inconsistent with grant and easement evidenced by conveyance.**

Where the use of land for church purposes was not inconsistent with the original grant and easement in such property, evidenced by conveyance of grantor to the church denomination, acts of possession by the church did not constitute hostile adverse possession against title to grantor or his heirs, and were not sufficient to put grantor or his heirs on notice that title to land and trees growing on it were held in adverse hostile possession.

**7. Religious societies ⬅️18—Church held to have easement in sufficient amount of land for church purposes only so long as they continue to use it.**

Where land was granted to a church to be used for church purposes, so long as the church continued to use the land as a church, it had an easement in a part of the land of sufficient amount for it to build a church thereon and to use it for church purposes, and to have possession of it and a sufficient amount of land around it reasonably necessary for church purposes, so long as they continue to use it for a church.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

Action by J. H. Collier and others, as trustees of the Carolina Methodist Episcopal Church South, against John A. Smith, Sr., Rufus Gilliland, and Mack Gilliland. From a judgment for plaintiffs, defendants appeal. Reversed and remanded.

F. Loyd Tate, of Wetumpka, for appellants.

When the original possession by the holder of land is in privity with title of the rightful owner, in order to enable such holder to avail himself of the statute of limitations, nothing short of an open and explicit disavowal and disclaimer of holding under that title, and assertion of title in himself brought home to the other party will satisfy the law. Zeller v. Eckert, 4 How. 289, 11 L. Ed. 979; Folmar v. Beall, 204 Ala. 298, 85 South. 543. The defendants were due the general affirmative charge. Smith v. Collier, 207 Ala. 635, 93 South. 648; Garrow v. Toxey, 188 Ala. 578, 66 South. 443; Seaboard v. Banks, 207 Ala. 194, 92 South. 117; Stewart v. White, 128 Ala. 202, 30 South. 526, 55 L. R. A. 211.

Holley & Milner, of Wetumpka, for appellees.

Defendant Smith alone having appealed, and no notice given to other defendants, the appeal should be dismissed. Acts 1911, p. 589; Walsh v. Hill, 169 Ala. 410. 53 South. 746. When plaintiffs show their long uninterrupted user, and, an alleged act of trespass being committed by defendants, make out a prima facie case, the burden shifts to the defendants to justify their act. Dick v. Darden, 204 Ala. 400, 85 South. 369; Vidmer v. Lloyd, 184 Ala. 160, 63 South. 943; Higdon v. Kennemer, 120 Ala. 198, 24 South. 439. There being evidence reasonably affording an inference adverse to defendants, the court properly refused the affirmative charge. McMillan v. Aiken, 205 Ala. 35, 88 South. 135; Bowen v. Hamilton, 197 Ala. 418, 73 South. 5; Card Lbr. Co. v. Reed, 202 Ala. 322, 80 South. 404.

MILLER, J. This is a suit by J. H. Collier and others as trustees of the Carolina Methodist Episcopal Church South against John A. Smith, Sr., and others; the several counts of the complaint claiming damages for willfully and knowingly, without their consent, cutting 40 trees or saplings on land owned by plaintiffs, for damages for cutting trees on their land, for damages for trespassing on the land and removing trees therefrom, and for converting the trees.

The jury returned a verdict in favor of plaintiffs, assessed their damages at $1, and the court rendered judgment thereon in favor of plaintiffs and against defendants for $1 damages, and $1 of the cost, and taxed the balance of the court cost against plaintiffs. From this judgment the defendant John A. Smith, Sr., alone prosecuted this appeal.

[1] The plaintiff moves to dismiss this appeal because the judgment was rendered against three defendants while only one appealed from it, and no notice thereof was given the other two codefendants.

[2] In this case on motion of appellee, the defendant J. A. Smith, Sr., was required by this court to give new appeal bond with-

in 15 days from April 18, 1923, which appeal bond was given by all of the defendants. This bond is now on file in this cause, and was here when the case was submitted. The other two codefendants, by joining in this appeal bond, signing it as principals, voluntarily appeared in this court in this cause, and rendered it unnecessary for summons to issue by the clerk of the court below or by this court, notifying them of this appeal and to appear and unite in it if they saw proper. By signing this appeal bond as principals, they waived notice thereof and united therein. L. & N. R. Co. v. Shikle, 206 Ala. 494, headnote 8, 90 South. 900; Birmingham v. Hawkins, 196 Ala. 127, headnote 7, 72 South. 25; Peebles v. Weir, 60 Ala. 413, headnote 1; Oliver v. Kinney, 173 Ala. 593, 56 South. 203; section 2884, Code 1907, amended Gen. Acts 1911, p. 589. On April 12, 1923, the clerk of the court below issued notice of the appeal to these two defendants, and their attorney of record accepted service thereof on April 13, 1923. This original notice with acceptance of service thereof by the attorney is on file in this court. The motion of appellees to dismiss the appeal is refused.

This is the second appeal in this case. Smith v. Collier, 207 Ala. 635, 93 South. 648.

[3] The plaintiffs claim title to the land and trees by adverse possession. To maintain this suit they must own the lands on which the trees were growing or they must own the trees or own both the land and the trees. Sections 6035, 6036, Code 1907, and authorities there cited.

[4] The evidence shows without dispute that Alex Smith, father of defendant (appellant) owned this land and was in possession of it in and prior to 1857; that it was a part of 80 acres which the tract book shows was obtained from the United States government on August 14, 1837, by said Alex Smith and his cousin Malcolm Smith. J. H. Collier, one of the plaintiffs, a trustee of the church, is 67 years old, and testified on cross-examination:

"That this property [the church property in question] first came from Mr. Smith; that they first got possession of it from Mr. Smith's father from an old deed; that the church has claimed possession for the past 45 years, and that it claimed its possession from the Smiths—first from Mr. Smith's father, old man Alex Smith."

This evidence on motion of plaintiff was excluded by the court on the ground the witness stated this was information received by him; he did not know of the deed of his own personal knowledge. In this the court erred; it was germane to the issue. He was a trustee of the church, party plaintiff to the suit as trustee. He was 67 years old, had known this property ever since he could recollect, having always lived within

five miles of it. The evidence tended to show plaintiff and its officials had notice of the deed, who made it, how they got possession of the property, and that it came through the deed from Alex Smith, that plaintiff was claiming possession under the deed, and that plaintiff was not claiming adversely to Smith. Witness further testified "that he never saw the old deed of Alex Smith to the church property until he saw it in court on the former trial of this cause." William Grier, witness for defendants, testified that he was a grandson of one McNealy, who was a local preacher of the Carolina Methodist Episcopal Church, a member of that church, and that he found this old deed of Alex Smith to the Methodist Episcopal Church dated April 9, 1857, in his grandfather's papers; McNealy having died in 1886 or 1887. There was evidence that McNealy was a trustee of this church and also pastor of it, and that Alex Smith delivered the deed to him, which was duly recorded in 1857.

The old deed was dated April 9, 1857, and was filed and recorded in Book of Deeds lettered J, on page 106, on April 21, 1857, by A. A. McMillan, as judge. It was found in the papers of McNealy after his death in 1886 or 1887, by his grandson William Grier. When these trees were cut and when this suit commenced, the deed was in the possession of William Grier, the grandson of said McNealy. The evidence was clear that Alex Smith signed the deed; the signature being in his handwriting. Alex Smith died in 1871. He was a Presbyterian, and one of the elders of the Presbyterian Church located on this property, which church building burned prior to 1857. Alex Smith, his wife, and some of his children are buried in the cemetery near the church building. He has seven children still living, of whom the defendant John A. Smith is one. The deed was introduced in evidence, and, according to the record, is as follows:

"The State of Alabama, Coosa County.

"This is to certify that I, Alex Smith, do give the Methodist Episcopal Church the privilege to build a church on my land at the old Carolina Church formerly occupied by the Presbyterians, to have and to hold said church so long as they, said church, continue to use it as a church for said order, reserving the right to the Presbyterians to preach in said church. When they quit using said church as a Methodist Episcopal Church the said church reverts back to Alex Smith.                Alex Smith."

"Witness: P. Murphy.

"Alex Smith to M. E. Church.

"Received in office for record, April 21, 1857. A. A. McMillan, Judge.

"Recorded in Book of Deeds lettered J, on page 106, April 21, 1857."

This instrument was construed by this court on former appeal (Smith v. Collier,

207 Ala. 635, 93 South. 648), and needs no repetition here.

It is clear and undisputed that the possession of the church of this land by plaintiffs was obtained from Alex Smith and held by them under that deed.

The defendants cut or caused to be cut about 25 pine trees from the 5-acre tract on which the church is located, had the trees manufactured into lumber, and the lumber sold under direction of defendant John A. Smith, one of the heirs of Alex Smith, deceased.

[5] The instrument above set out did not convey to this church the legal title to this land. The right of ·possession of it for church purposes is in the plaintiffs, but the title to it is in Alex Smith or his heirs. At his death, intestate, the title to it descended to his heirs. 5 Michie Dig. p. 36 (Descent & Distribution). Alex Smith's heirs' title to this land was subject to plaintiffs' easement in the land on which the church building is located, and sufficient amount of land around it for the reasonable use of the building for church purposes, the easement rights granted by the deed; the plaintiffs owning no title to the land or the trees under said instrument.

[6] Do plaintiffs own the land and trees by adverse possession? The church building was erected in 1857 or 1858 by plaintiff on this 5-acre tract of land of Alex Smith, and has been used as a place of worship continually since that time by plaintiff. Horses of persons attending church services were hitched to the trees; and wood therefrom used for heating the church during services. Two or three pine trees, the ones nearest the church, were cut and used to repair the steps of or make benches within the building. The 5 acres were not fenced, and there were no defined, marked boundary lines of the churchyard or of the 5-acre tract. These and similar acts are the evidences of possession from 1859 to 1920 by the plaintiff. They are not inconsistent with the grant and easement evidenced by the conveyance of Alex Smith to this denomination, but were consistent with the easement rights of plaintiffs in the property. These acts of possession by plaintiffs do not constitute hostile, adverse possession of the land against the title of Alex Smith or his heirs; they are not an open, explicit disavowal and disclaimer of holding possession under the deed from Alex Smith. Such acts are not sufficient to put him or his heirs on notice that the title to the land and the trees growing on it were held in adverse, hostile possession to his, or his heir's rights to the property. Smith v. Collier, 207 Ala. 635, 93 South. 648; A. G. S. R. Co. v. McWhorter, 202 Ala. 455, 80 South. 839; Seaboard Air Line v. Banks, 207 Ala. 194, 92 South. 117; Creagh v. Bass, 190 Ala. 135, 67 South. 288.

This court in Folmar v. Beall, 204 Ala. 302, 85 South. 543, wrote:

"Where the original possession by the holder of land is in privity with the title of the rightful owner, in order to enable such holder to avail himself of the statute of limitations, nothing short of an open and explicit disavowal and disclaimer of holding under that title, and assertion of title in himself brought home to the other party, will satisfy the law."

The cemetery near the church on this 5-acre tract, was not disturbed; no trees were cut in or removed from it. The remains of the grantor, Alex Smith, his family, many members of the grantee, the church, and others rest therein; Presbyterians and Methodists being buried there. The titles to the graves where such bodies rest are not involved in this suit.

[7] From this evidence we hold that the plaintiff has an easement in a part of this land, sufficient amount of it to build a church thereon, and to use it for church purposes, and to have possession of it and a sufficient amount of land around it reasonably necessary for church purposes, "as long as they continue to use it for a church for said order"; but the title to the land thus permitted to be used by the plaintiff for church purposes is in the heirs of Alex Smith, deceased.

The defendants requested the court to give the jury in their favor the general affirmative charge, with hypothesis, which was in writing. The court committed error in its refusal, as it should have been given.

There are many other errors assigned and insisted on by appellant. Some of them probably are errors, reversible errors, but this we need not decide. What we have written on this and the former appeal should be sufficient to guide the court on another trial.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.