MADDOX, Justice.
The question before the Court is whether a deed which contained a mistake in the description of the property conveyed and was later altered after execution to correct the mistake by someone other than the grantor or grantee was valid to pass title to the grantee. We hold that the altered deed was valid to pass title and affirm the trial court’s judgment.
George W. Kelley, plaintiff-appellee, filed a complaint seeking a sale for division of the following tracts of land:
“Tract No. 1: The EV2 of SWVi of Section 32, Township 7 North, Range 20 East, in Coffee County, Alabama, containing 80 acres, more or less. Subject to 80 foot wide right of way for paved county road crossing said land.
“Tract No. 2: All that part of the NEVi of the NWVi of Section 5, Township 6 North, Range 20 East, in Coffee County, Alabama, which lies Northeast of the paved county road, as said road is presently located in said forty, LESS AND EXCEPT, one acre in the Northeast corner of said NEV4 of NWVi, beginning at the Northeast corner of said forty and running 87½ yards West; thencé southeastern to East Line of said forty; thence North 87½ yards to the point of beginning.” (Emphasis added.)
Defendants Lorene Kelley, Shelby Rowe Kelley, Joseph Randolph Kelley, Gloria Kelley Ellison, Margaret Olene K. Ellis, Lynet-ta Gayle K. Young, Marilyn Melissa K. Austin, Judy Kay K. Borden, and Cathy Ann Jenkins filed their answer denying each and every allegation of the complaint. Defendant Drexel Kelley filed a motion to dismiss, which was denied. Default was entered against the defendants Alzie Lee Hudson, Myrtice Kelley, Oleta K. Martin, James N. Kelley, Bonnie K. Kyser, Walter T. Kelley, Maxie Kelley Moore, Jimmie E. Kelley, Betty Jean Kelley Senn, Franklin A. Kelley, and Samuel Jerome Kelley.
The answer of Drexel Kelley and the amended answer of Lorene Kelley, et al., denied that plaintiff and defendants were tenants in common of the property which was to be divided.
The trial court heard the case without a jury and found that title to Tract No. 1, the tract in question, vested in the heirs and next of kin of S.F. Kelley (Lorene Kelley, et al.); he denied the claim of the plaintiff, George Kelley, for a sale for division. As to the property described in Tract No. 2, however, the trial court found that property to be owned by both the plaintiff and defendants as tenants in common, thereby entitling George Kelley to a sale for division.
James N. Kelley, Myrtice Kelley, Oleta K. Martin, Bonnie K. Kyser, Walter T. Kelley, Maxie Kelley Moore, Jimmy B. Kelley, Betty Jean Kelley Senn, Franklin A. Kelley, Samuel Jerome Kelley, and Drexel Kelley, defendants, moved for a new trial, as to the trial court’s finding that title to Tract No. 1 *216 had vested in the legal heirs of S.F. Kelley. The motion for a new trial was denied and defendant James Kelly appealed. None of the other defendants were listed on the notice of appeal.
All the defendants in this case, including the appellant, are the children of G.S. Kelley, who is deceased, or are the children of one of his sons, S.F. Kelley, who is also deceased. At the trial, various deeds and mortgages from the probate records in Coffee County concerning Tract No. 1 were introduced into evidence. They reveal the following sequence of events as described in the appellants’ brief:
“1. Warranty deed from W.D. Cook and wife, Mittilue Cook to G.S. Kelley dated October 17, 1923 conveying the EV2 of SWV4, Section 22, Township 7, Range 20. “2. Warranty deed from G.S. Kelley to S.F. Kelley dated October 8, 1927. The description on this deed was typed; however, the Section number has been written in by hand and now reads ‘32.’
“3. Mortgage given by G.S. Kelley and wife, Mattie Kelley to Elba Bank and Trust Co. dated January 4, 1928 describing the property as lying in Section 22. “4. Mortgage given by G.S. Kelley and wife, Mattie Kelley to The First National Bank of Dothan dated January 9, 1930 and describing the property as lying in Section 22.
“5. Warranty deed from W.D. Cook and wife, Mittilue Cook to G.S. Kelley dated January 5, 1949. This deed corrects the description of the 1923 deed by changing the section number to ‘32.’
“6. Mortgage given by G.S. Kelley to The Federal Land Bank dated October 15, 1949, describing the property as lying in Section 32.
“7. Two mortgages given by G.S. Kelley in 1954 and 1958 describing the property as lying in Section 32.
“8. Mortgage given by G.S. Kelley to Elba Exchange Bank dated March 9,1961 describing the property as lying in Section 32. Contained in this mortgage is the following:
“ ‘It is the intent of this instrument to correctly describe the real property of Mr. G.S. Kelley and wife Yannie L. Kelley.’ ” (Emphasis added.)
The facts show that in 1923, W.D. Cook and his wife conveyed property to G.S. Kelley. The deed contained the following description: “EV2 of SWV4, Section 22, Township 7, Range 20.” (Emphasis added.) On October 8,1927, G.S. Kelley executed a deed conveying property to S.F. Kelley, his eldest son, who was then seven years old. This conveyance, which was not recorded until March 29, 1930, contains an identical description as the 1923 deed from the Cooks to G.S. Kelley, except that the typewritten section number “22” had been noticeably changed in handwriting to read “32.” The appellants assert that the 1927 deed purportedly conveying property to S.F. Kelley was invalid because of the alteration in the section number, which the appellants allege occurred after G.S. Kelley executed the deed.
Generally speaking, an alteration in a deed will be presumed to have been made prior to its execution unless it is of a character to excite suspicion that it occurred thereafter. Stewart v. Carnell, 235 Ala. 636, 639, 180 So. 307, 309 (1938). Evidence to indicate that the alteration in question may have occurred following the deed’s execution by G.S. Kelley is the following: The mortgages given by G.S. Kelley in 1928 and 1930 describe the property as being located in Section 22 and not in section 32. The warranty deed from W.D. Cook and wife to G.S. Kelly corrected the description of the 1923 deed by changing “22” to “32”. We find no direct evidence from which the trial judge could have reasonably ascertained who was responsible for the alteration; therefore, the trial judge was authorized to conclude from this evidence that the alteration was made by a stranger, and the applicable principle is that the material alteration of a deed by a stran *217 ger without the knowledge or consent of either the grantor or grantee will not render the deed void. See Davis v. Carlisle, 6 Ala. 707, 709 (1844) (alteration by a stranger of a promissory note). See also Sharpe v. Orme, 61 Ala. 263 (1878), where the Court held:
“These interlineations merely curing an imperfect description of the particular parcels of the lands, accord with all the purposes and objects of the conveyance, and it is but a fair presumption, their omission in the original writing of the deed was merely inadvertent. The inadvertence was corrected, so soon as it was discovered, it is also fair to presume.”
See also Alabama State Land Co. v. Thompson, 104 Ala. 570, 16 So. 440 (1894), where the unauthorized alteration by grantee of a deed to land, in a material part, after its execution, was held not to divest the title originally granted by the instrument.
The appellants next argue that because the 1923 deed from the Cooks conveyed property to G.S. Kelley in Section 22 rather than in Section 32, G.S. Kelley could not, in any event, have conveyed to S.F. Kelley, in 1927, good title to the property located in Section 32. This contention is without merit. The mistake in the deed of the description of the land conveyed to G.S. Kelley did not void the deed nor defeat the legal title which vested in G.S. Kelley upon execution and delivery. See Bevans v. Henry, 49 Ala. 123, 124 (1873). As this Court has stated in the past, “We are reluctant to declare written instruments void where they can be made certain by references to the intention of the parties and surrounding circumstances.” Mid-State Homes, Inc. v. Brown, 294 Ala. 242, 245, 314 So.2d 836, 838 (1975); see also, Davis v. Thomaston, 420 So.2d 82 (Ala.1982), wherein we found, pursuant to the ore tenus standard of review, sufficient evidence to support the trial court’s reformation of a deed to correct inaccuracies in the description of the realty. Here, we believe there were sufficient facts and circumstances presented for the trial court to rule that title had in fact vested in G.S. Kelley and that he possessed valid title to property in Section 32 to convey to his son S.F. Kelley, despite the mistake contained in the 1923 deed. In fact, it was undisputed that G.S. Kelley went into possession of the land conveyed by the Cooks, i.e., property in Section 32, and that a corrective deed was issued by the Cooks in 1949 to rectify the mistake in the original conveyance. We find sufficient evidence from which the trial judge could conclude that G.S. Kelley attempted to convey the 80 acres he owned, and on which his homeplace was located, to his son, S.F. Kelley. Furthermore, under the doctrine of after-acquired title, the corrective deed from W.D. Cook and Mittilue Cook to G.S. Kelley, dated January 5,1949, and recorded January 17, 1949, which changed the description in the 1923 deed to show the Section as “32” instead of “22,” had the effect of passing title to Section 32 to S.F. Kelley. In Nance v. Walker, 199 Ala. 218, 74 So. 339 (1917), the Court held:
“It is true that the deed from Henry Weathers to the defendant’s grandfather was made long before the issuance of the patent to Weathers and his heirs, but we think that the said deed is so worded as to include and convey a subsequently acquired title to the land in question. It conveys:
“ ‘All my right, title, interest, estate claims and demand both at law and in equity as well as in possession or in expectancy of, in and to all that certain farm,’ etc.—Garrow v. Toxey, 188 Ala. 572, 66 South. 443.”
Under the principle of after-acquired title, G.S. Kelley’s after-acquired title passed to S.F. Kelley, his grantee under the 1927 warranty deed. See State v. Mobile & O.R. Co., 201 Ala. 271, 78 So. 47 (1918), wherein the Court stated:
“The rule that a grantor’s after-acquired title passes to his grantee under a former warranty deed is based upon prin *218 ciples of the highest morality; principles which ought to be, and which we think are, as binding upon the state as upon its citizens; and we think that the rule must therefore be accorded full operation and effect to the conclusion of the title against the state of Alabama in the case before us.”
Appellant also contends that, assuming the 1927 conveyance by G.S. Kelley to S.F. Kelley was valid, the record nevertheless shows sufficient evidence of adverse possession by G.S. Kelley and his heirs to require a finding that the title to the tract had vested in the heirs of G.S. Kelley. This contention is not valid because adverse possession was not made an issue at trial. The following comment of the appellant’s response to a statement by the appellee’s counsel indicates that adverse possession was not an issue at trial:
“If the Court please, Mr. Marsh’s argument is based on the case, I see him holding a case in his hand. I have read the law. I would not agree with the statements that he has made, that I take it he is saying that there would be no way, assuming this deed was made, assuming it is a valid deed that there is no way that Mr. Kelley could have acquired title by adverse possession. I think the burden would be on me to prove that, but that is not the issue here. He is assuming, Judge, that this deed is a valid effective deed, a deed which it has been presented to you to show on its face it is altered, it is amended and that his argument is not a good argument. We certainly do not concede that this deed is a valid deed.... ” (Emphasis added.)
Since the issue of adverse possession neither appears in the pleadings nor appears to have been an issue at the trial, we will not review the case upon that issue; this Court does not review a case upon a different theory from that upon which it was tried below. M.C. Dixon Lumber Co. v. Mathison, 289 Ala. 229, 239, 266 So.2d 841, 851 (1972); Weston v. Weston, 269 Ala. 595, 599, 114 So.2d 898, 900 (1959).
The instant case is one in which the ore tenus rule applies. In cases tried without a jury where the trial court sees and hears the witnesses who testify, there is a presumption of correctness, and the trial court’s findings will not be disturbed unless they are palpably wrong, are without supporting evidence, or are manifestly unjust. Silverman v. Charmac, Inc., 414 So.2d 892, 894 (Ala.1982); Gertz v. Allen, 376 So.2d 695, 696 (Ala.1979). Accordingly, the judgment of the trial court is affirmed.
AFFIRMED.
TORBERT, C.J., and JONES, SHORES and BEATTY, JJ., concur.